Simon, J.
delivered the opinion of the court.
Plaintiff alleges that in the month of June, 1836, the steamboat New-York, Captain Burge, carried away a slave named Prince, the property of said *328 plaintiff, which never was returned, and was lost in consequence of his being carried away out of the State by the said steamboat, that the said slave was worth $1500, besides which, plaintiff avers he has sustained damages by the absence of his said slave and expenses in endeavoring to recover the same, to the amount of $200. He prays that a writ of sequestration issue against the steamboat New-York, and for judgment for the sum of $1700. The defendant pleaded the general issue, and the case having been tried by jury, a verdict was found iu favor of the plaintiff for $1700 ; and after an unsuccessful attempt to obtain a new trial, the defendant appealed.
Our attention has been drawn to several bills of exception.
The first was taken by the defendant to the refusal of the court to let him go into any evidence to support his second rule to set asido the writ of sequestration, said defendant offering to prove that the bond had not been filled up until after the rule was taken, and that he was ignorant of the fact when the first rule was taken; we think the parish judge did not err : a first rule to the same purport and effect had previously been taken, acted and decided upon, although the defendant had been allowed to bond the boat, and to obtain possession of the property sequestered. We are not ready to say that a-defendant should be permitted to take a second rule even for a new cause after having unsuccessfully attempted to sustain a first one for the same purpose : unless the new cause should have arisen afterwards.
The next was taken to the judge’s permitting the introduction in evidence of a sous seing privé act of sale of the slave Prince, after having received [544] the proof of the signature of the vendor only; the objections were: 1st. That the subscribing witnesses thereto were not produced nor their signatures proven; and 2d. That the act had never been recorded in the parish of Orleans.
It is unnecessary to examine the first objection, because the record contains the testimony of a witness who was examined to prove the signatures of the subscribing witnesses, and who proved them satisfactorily; this testimony however was rejected by the court on an objection made by the defendant that it was too late, as it was offered after the parties had closed their evidence, but before the argument had begun, and the plaintiff took a bill of exceptions. In this, we think the judge erred: the 484th art. of the Code of Practice says expressly that it is only after the a/i'gument has commenced that no witnesses can be heard without the consent of all the parties; and we are unable to discover any reason why the court a quo should have rejected this evidence which was produced before commencing the argument, although the parties should have previously said that their evidence was closed. It seems to us that the lower court ought not to have listened to such an unfounded objection on the part of a party who had complained in a previous bill of exceptions, of the absence of the very same testimony offered; and should have admitted it at least for the furtherance of justice. We shall therefore consider this evidence as being legally before us, and as supplying the defect on which the first objection was based.
The second ground of objection appears to us untenable: the only object of the plaintiff in producing the act of sale, was merely to show that he was *329 the owner of the slave; it was a simple question of fact; there was no adverse title set up against his; the defendant did not pretend to own the slave nor to have any right contradictory with the plaintiff’s; and we are unable to conceive how he could seriously contend that his legal rights were to be affected by the want of registry of the act of sale in question; it is clear that it could not lessen or increase his liability to repair the injury [545] alleged to have been sustained.
The third bill of exceptions, which specifies the numerous grounds upon which the appellant’s counsel challenged the array, cannot be inquired into, because the parol and written evidence, adduced to support the defendant’s objections, is not in the record. It was the appellant’s duty to procure us the means of judging of the legality and regularity of the venire, and of all the proceedings had in drawing the jury, as the statements made in the bill of exceptions are not sufficient to enable ns to do so. We must therefore disregard the challenge to the array, as from the bill itself it does not appear that there was any material irregularity, if any, in drawing the jurors. 12 La. Rep. 453.
The last bill of exceptions was taken to the charge of the court to the jury, in these words: “ that the defendant was liable for the value of the slave sued for, even if he was'brought aboard by the engineer of the boat, acting under the captain, contrary to his, the captain's instructions, and without his knowledge." We think the parish judge did not ere. It is perfectly clear that the defendant is answerable for the damage occasioned by the acts of those he had employed on board of his boat, and he cannot excuse himself on the plea that those acts were done contrary to his instructions, and without his knowledge. La. Code, art. 2299; 11 La. Rep. 209; Story on Agency, page 313, No. 3018; 1I.D. 680 and 691; Laws of 1835, page 152; Laws of 1839, p. 120. This rule, however, as stated by the court, did not dispense with the proof that the defendant could have prevented the act complained of, and has not done it; and as this fact was left exclusively to the jury, under the charge of the court, we are not prepared to say that the judge a quo went too far in his legal instructions to the jury.
It is perhaps proper to notice that this exception to the charge of the court was taken after the jury had retired; this is certainly irregular, [546] and ought not to be allowed. According to the SlTth art. of the Code of Practice, the rule is, that the party dissatisfied with the charge of the court must require the judge to give his opinion in writing, and take his exception to it when the judge shall have finished his cha/rge to the jury; this does not contemplate that no objection being made to the charge, the party shall be at liberty to except to it after the jury has retired. It seems to us, on the contrary, that all the objections to the charge ought to be made in the presence of the jury, in order to enable the court to correct immediately any erroneous instructions; and that if not made then, all such objections and exceptions should he considered as waived.
On the merits, we are satisfied that no error has been committed. The plaintiff has satisfactorily proven his title to the slave in question; a witness has testified to have seen said slave in the possession of the plaintiff for seve *330 ral months in the year 1835 ; the evidence is clear that said slave was carried away on hoard of the steamboat New-York; nothing shows that he concealed himself there so as not to be discovered before being out of the State; on the contrary, he was seen on board by several persons who knew him; he was received there as a free man, without any inquiry being made about his papers; his presence on hoard cannot have been unknown to the captain, whose duty it was to comply with the requisites of the law; and we think that the least degree of diligence used by the defendant would have enabled him to prevent the injury complained of. It is consequently our opinion that the verdict of the jury ought not to be disturbed.
It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed, with costs.