## No. 11,001.

### AUGUST RIST VS. W. H. HARTNER ET AL.

The plea of *prematurity* can not be successfully set up by a tutor who has acquired real estate in his official name, with due authority for account of his ward, when sued by one of them to be recognized as owner of an undivided part of the same.

The sale made by him at private sale, under advice of a family meeting, to a third party who fails to pay the price which was on credit and who transfers the property to him in his individual name and not as tutor, can not be said to have been *ratified,* from the fact that, under a settlement alleged to have taken place between him and the minor, a sum of money passed to the latter, *unless* it is shown that this was preceded by an account and delivering of vouchers, as required by Act 361 of the R. C. C., and that the minor knew of the infecting radical vices which contaminated the act, and yet voluntarily cured the nullities.

Rist vs. Hartner et al.

The plea of *tender* of such sum, as a condition precedent to the suit against the purchaser and the tutor for the nullity of the sale and revendication of the property, is not well founded.

APPEAL from the Sixteenth District Court for the Parish of East Feliciana.  *Brame, J.*

*W. F. Kernan* for Plaintiff and Appellant:

A minor's immovable property can be sold only on the advice of a family meeting, by order of the judge, at public auction, after thirty days' advertisement.  R. C. 339-341.

A sale made without the formalities prescribed by law, by a tutor, of the immovables of a minor, is an absolute nullity.  Vaughan vs. Christine, 3 An. 328.

An action for the revendication of property so sold is prescribed only by ten years from the minor's majority.  Ib.

Where the title of plaintiff has never been divested, his right to recover the property is absolute, and not dependent upon any antecedent resolution or tender as a condition precedent to the institution of his suit in revendication.  Heirs of Self vs. Taylor, 33 An. 769; Heirs of Wood vs. Nichols, 33 An. 745; 43 An. 534

All that equity could possibly require would be to permit him to set up his claim in reconvention.  Heirs of Wood vs. Nichols, 33 An. 745; Ib. 769; 3 An. 328.

*Wedge, Kilbourne & Stone* for Defendants and Appellees.

The opinion of the court was delivered by

BERMUDEZ, C. J.  This is a petitory action for a share of certain real estate, including a demand for rents and revenues.

It is brought by a minor who has become of age, in his own name, as heir of his mother, and also as heir of his sister.  It is directed against a tutor, Hartner, who, under the advice of a family meeting, had bought it for account of the minors, whose tutor he was, and one of whom was the plaintiff.  Hartner subsequently sold it to a third party, Schutzman, at private sale, and acquired it back from that party in his *individual* name.  It is also directed against that party for rents and revenues.

The prayer is for the nullity of both sales and for the rents and revenues.

The defendant, Hartner, pleaded a settlement by him with the plaintiff, which can not be attacked collaterally, by which the plaintiff ratified the sale attacked; a want of tender of the amount received by plaintiff, $888.73, under that settlement, and prematurity

of the action, which can not be brought before a liquidation of the succession of plaintiff's mother, which is still under administration.

The other defendant, Schwartzman, besides urges a demand for the value of repairs and improvements made in good faith by him on the property, and that plaintiff can not maintain this action without first tendering the amounts expended.

There was judgment holding that plaintiff should have made a tender of $300.25 only, and for not having done so, dismissing his suit.

From the judgment the plaintiff appeals, and a prayer is made that the amount to be required as a tender be raised to that demanded below ($888.73).

The record shows that the defendant in 1875, on the advice of a family meeting, purchased for account of the three minors of Mrs. Rist, whose tutor he was, a plantation and a home residence, and that he did so, taking the title in his capacity as tutor; that in 1879, on a similar advice, he sold it at private sale to one Schutzman, who, failing to pay for it, transferred it to Hartner in his individual name, and that it thus stands *yet*.

It appears that a settlement was made between the plaintiff and the defendant after his majority, and it is claimed that it proves that plaintiff knowingly ratified the sale to Schutzman, taking in place of the plantation and the residence the sum of $869.23 and a judgment for $19.50, both amounting to the estimated value of his interest therein.

The defences of prematurity, tender and ratification will be considered in their regular order.

That of *prematurity* can not hold. It does not lie in the mouth of the tutor, when sued by the minor of age to recover from him property acquired by him as tutor for account of the minor from the succession of the latter's mother, to say that her succession has not been fully administered, that it owes debts and is insolvent.

The purchase placed the real estate in the name of the minor, in whom the title vested and has continued until legally alienated in their name or by themselves.

It is clear that one in whose official name as tutor property stands as belonging to his wards is estopped from denying their rights to it, and can not urge the plea of prematurity set up. 41 An. 632, Burney vs. Ludeling.

The final liquidation of the succession of Mrs. Rist is not a condition precedent for the validity of the sale of her property at succession sale, which vests on adjudication to the purchaser, even though the price be not paid and the sale is to an heir. In that case the remedy should be either a nullity of the sale or the payment of the price if due in specific performance.

The plea of *tender* is not maintainable. The sale by Hartner to Schutzman, although made with the advice of a family meeting, was made by private contract, not after adjudication preceded by advertisement. The sale was a nullity and did not divest the minors of their title to the property, which could not be transferred unless after compliance with legal exigencies.

The price of adjudication to Hartner as tutor was not paid. It remained *due*, subject to a final settlement with the mother's succession. Heirs can purchase that way in successions in which they inherit.

The sale from Hartner, tutor, to Schutzman was made entirely on credit, no money passed from the purchaser to the vendor, and the minors can not be said to have received any consideration even indirectly.

The sale or the transfer by Schutzman to Hartner is in the latter's name individually, and purports to have been made for *cash*, acknowledged paid and received; but this payment must not be considered as a reality. In their brief counsel for appellees say that Schutzman *failing to pay* for the property transferred it back to Hartner, individually.

Surely, as Hartner, tutor, received nothing from Schutzman, it can not be conceived how the minors can be asked to make any tender, if the plea refers to the price of that sale, which it possibly does not.

It certainly *first* relates to the amount secured by plaintiff under the alleged agreement averred by Hartner, and *second* to the value of the improvements and repairs claimed by Schutzman.

In the just decided case of the same plaintiff against the same defendant, No. 11,002, for an account of tutorship, a plea of tender for the $300.25, said to have been received under the settlement, it has been held that tender could *not* be required. For the reason there given, the same ruling must be made here, as that sum forms

Rist vs. Hartner et al.

part of the $888.73 which, it is insisted, should have been offered before suit.

In relation to the plea of want of tender for the difference, which the lower court declined to require, but which is asked by answer to the appeal, and likewise touching the defence of ratification, it suffices to say that, if the amount was received as alleged, it can not be considered *prima facie* as paid in settlement of the sales by Hartner to Schutzman and by the latter to the former, for the obvious reasons that it could have been only an agreement or contract between the tutor and the minor, not preceded by the account required by Art. 361, R. C. C., and therefore a nullity; and that the very sale claimed to have been ratified was subsequently set at naught by Schutzman, and his ostensible title annulled. The evidence does not show that, if the amount was designed to have been paid by Hartner to plaintiff in settlement of his rights in and to the property, or as a purchase price of the same, it was understood in that light by the plaintiff, who may have treated it as an adjustment and liquidation of other business accounts. The testimony explanatory of of the receipt preponderates the other way, and establishes the reverse of the pretension.

The ratification of a transaction which is a nullity is a recognitive and confirmative act, and can not be successfully pressed unless it is shown to have taken place with a full knowledge of the circumstances and formal intention to cure the radical vice contaminating it and with which it is infected, by an unreserved sanction and approval.

The plaintiff does not urge, on appeal, error in the dismissal of his claim for rents and revenues against Schutzman, and the latter does not insist on his for improvements and repairs. Both may be considered as abandoned, but without prejudice to their rights, if any, to demand the same in another proceeding.

It is therefore ordered and decreed that the judgment appealed from be reversed and annulled; and it is now ordered and adjudged that the plaintiff be recognized as the owner of the undivided five-twelfths of the property described in the petition, without prejudice to the rights of either and all of the parties to set up and urge any claim not herein passed upon, touching which the same are reserved; the costs of the lower court and those on appeal to be paid share *alike* by the defendants.