(45 South. 434.)

No. 16,719.

TOUCHY v. GULF LAND CO., Limited.

(Jan. 9, 1908.)

1. MINOR AND TUTORSHIP—PRIVATE SALE OF MINOR'S REALTY.

A private sale by the tutor of the minor's real estate for the purpose of paying debts is an absolute nullity, and a ratification thereof by the minor, after emancipation, must be clearly shown by the evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Guardian and Ward, §§ 174, 175, 366.]

2. SAME — RATIFICATION — KNOWLEDGE OF FACTS.

The approval by the emancipated minor of the tutor's final account in which the proceeds of such a sale appears as a debit will not suffice to constitute ratification or estoppel, where the evidence shows that the minor at the time was ignorant of the fact that the property had been sold at private sale.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Guardian and Ward, § 382.]

3. SAME—ACCOUNTING FOR PROCEEDS.

Though such a sale be void, the minor is bound to account to the purchaser for the proceeds used in the payment of debts for which the estate was liable, but the minor is not bound to tender such proceeds as a condition precedent to suit to recover the property.

(Syllabus by the Court.)

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Edmund Dennis Miller, Judge.

Action by Henry H. Touchy against the Gulf Land Company, Limited. Judgment for defendant, and plaintiff appeals. Reversed.

Léon Sugar and Thomas Camile Planché, for appellant. Winston Overton, for appellee.

LAND, J. This is a petitory action to recover a tract of land which belonged to Mrs. Davis C. Touchy, deceased. Plaintiff is the son and sole heir of the decedent, and at the time of her death was a minor. The surviving husband and father, Victor Touchy, qualified as natural tutor and proceeded to administer the succession, which owed debts. In the year 1901 the said tutor sold the land in dispute at private sale to the defendant company for the price of $1,400, paid in cash. The succession was administered, the debts paid, and an account was rendered and homologated. The residuum was delivered to the plaintiff, an emancipated minor, a little over the age of 18 years.

Plaintiff claims title to the property by inheritance from his mother, and alleges that the private sale of the land for the purposes of paying debts was an absolute nullity. This proposition of law is not disputed. In

Blair v. Dwyer, 110 La. 332, 34 South. 464, this court held that a private sale of minor's property to pay debts was void, although authorized by a family meeting and judgment of the court. This doctrine was reaffirmed in Parker v. Ricks, 114 La. 942, 38 South. 687, citing Blair v. Dwyer, supra, Fletcher v. Cavalier, 4 La. 268, and Aronstein v. Irvine, 49 La. Ann. 1478, 22 South. 405. See, also, Rist v. Hartner, 44 La. Ann. 378, 10 South. 760.

The exception that the plaintiff had not tendered back the price of the sale previous to the institution of the suit is without merit. Self's Heirs v. Taylor, 33 La. Ann. 773; Heirs of Wood v. Nicholls, 33 La. Ann. 749; Rist v. Hartner, 44 La. Ann. 381, 10 South. 760.

The real defense is that the plaintiff ratified the sale, and is estopped to deny it. It appears from the evidence that the minor was emancipated on the 1st day of July, 1901, and four days later the tutor filed his final account, which showed no balance on hand to the credit of the succession. The residuum consisted of real estate appraised at $2,125. Among the debits to the tutor, under the head of "Sales of Property," appears the following item:

"April 22, 1901, To Gulf Land Co. Ltd., S. ½ S. E. ¼ Sec. 22 and N. ½ N. E. ¼ Sec. 27 $1400.00."

The tutor prayed that the undertutor and the emancipated minor be cited. Appended to the account is the following waiver and acknowledgement, signed by both of them, to wit:

"Service of the within and foregoing account accepted and citation and all legal delays waived. I have carefully examined the same, and I am familiar with all the items thereof, both as to debits and credits, and I find it correct in all of its parts and clauses, and hereby approve the same and consent to its homologation, and that the tutor be discharged as prayed for."

Admitting that the emancipated minor examined the items of the account and that the same were explained to him by the attorney of the tutor, still the account itself did not inform the plaintiff that the property in question had been sold at private sale for less than two-thirds of its appraised value. Plaintiff testified that he was ignorant of this fact at the time and for several years thereafter.

The former undertutor testified that he did not think that anything was mentioned about the manner in which the property had been sold—whether at public or private sale. The former attorney of the tutor testified that they did not discuss on the day of the settlement any sales at all, but simply went over the whole account, and checked up the sales that had been made. The evidence, therefore, shows that the plaintiff at the time of the alleged ratification was ignorant of the crucial fact that the property had been sold at private sale. It may be assumed as a fact in the case, in the absence of evidence to the contrary, that the proceeds of the sale were used in payment of the debts of the succession as shown by the account, and in that way enured to the benefit of the plaintiff. In a similar case it was held that there can be no ratification of such a void sale, unless it is shown that the minor knew of the infecting radical vice which contaminated the act, and yet voluntarily cured the nullities. Rist v. Hartner, 44 La. Ann. 378, 10 South. 760. The minor, being ignorant of the facts, was not estopped by his approval of the tutor's account or by the circumstance that the price of the sale was used to pay debts of the succession. Heirs of Wood v. Nicholls, 33 La. Ann. 749; Heirs of Self v. Taylor, Id. 769; Rist v. Hartner, 44 La. Ann. 382, 10 South. 760.

Plaintiff is bound in equity to return the price of the sale and the taxes paid on the property, and is not entitled to rents because the land is vacant.

It is therefore ordered that the judgment appealed from be reversed; and it is now

ordered that the plaintiff be recognized as the lawful owner of the S. ½ of the S. E. ¼ of section 22, and the N. ½ of the N. E. ¼ of section 27, township 10 S. range 8 W., Louisiana Meridian, containing 161.05 acres, but that no writ of possession issue under this judgment until the plaintiff shall pay unto the defendant the sum of $1,400 and the further sum of $118.73, with legal interest thereon from this date; and it is further ordered that the defendant pay costs in both courts.