BREAUX, C. J.
Plaintiffs claim 25 acres of land of the defendant.
Tracing back the title to the land claimed, it appears that Louis Homer Gremillion, father of the plaintiffs, died in the year 1895, leaving property, both separate and community.
The separate property consisted of 70 acres of land, which the plaintiffs inherited.
The 25 acres claimed in this suit were part of the 70 acres.
After the death of their father, their mother qualified as their natural tutrix, and in that capacity administered the estate.
The contention of plaintiffs is that their father left community property sufficient to pay the community debts, and that, without necessity for the sale of the property they inherited from their father, their mother and tutrix, in March, 1898, caused a family meeting to be held to the end of authorizing her to sell these 25 acres of land for $300, and on the same day she sold the property at private sale.
The year following the buyer, Fereol Regard, sold the 25 acres of land to J. P. Abraham Roy, the defendant now in possession of the land, without warranty.
The plaintiffs asked to be recognized as the owners of the land, to be placed in possession, and asked for the sum of $125 per year rental from the 14th day of March, 1898, until possession is delivered to them.
The 'defendant answered, and alleged that he had purchased the property in good faith. If the title is decreed null, he prayed in re-convention for the improvements placed on the land and the taxes paid by him, all amounting, fig averred, to the sum of $963.80. He prayed to have his vendor, Fereol Regard, cited in warranty, and in case the title was annulled he asked for a judgment in the sum of $350, with 8 per cent, interest from May 28, 1899, and for $100 fee of atT torney, and for the improvements and taxes before alleged.
The party called in warranty answered, and alleged that the property was sold to pay the debts of the deceased father, and that the purchase price was also applied toward providing the children with support, and that, now of age, they could not escape from paying an amount which had been expended in supporting them when they were minors.
1-Ie pleaded estoppel, and urged that they were bound in good conscience to refund the price.
1-Ie admitted that he had sold the property to the defendant as alleged by defendant.
The judge of the district court having recused himself, Mr. J. M. Ducote was appointed judge ad hoc. 1-Ie presided at the trial and rendered judgment recognizing plaintiffs as owners of the land, and condemned the defendant to pay them the sum of $648 for rents, revenues, and all costs. He also rendered judgment in favor of defendant,- J. B. Abraham Roy, against the plaintiffs, Albert Gremillion and others, for the sum of $666, *527 amount allowed defendant on his reconventionai demand for improvements placed on the property by him and for taxes.
The court condemned Eereol Regard, called in warranty, to pay the defendant, J. B. Abraham Roy, the sum of $350, purchase price before mentioned, together with legal interest from judicial demand, and $100 fee of attorney.
Both the defendant and Pereol Regard have appealed.
Before this court the plaintiffs and appellees joined in the appeal and asked for an amendment of the judgment increasing the amount allowed for rents and revenues to the sum of $748, and rejecting the amount claimed by the defendant in the reeonventional demand, save the sum expended by him for taxes on the property.
Of this later.
Discussion.
The property of minors cannot legally be sold at private sale to pay debts, although it may be sold at private sale to effect a partition under special statute authorizing suqh proceeding,' but never to pay debts.
A similar question was considered in the case of Parker v. Ricks, 114 La. 944, 38 South. 087, in which the court held that property of minors could not be sold at private sale.
The sale was absolutely null. Fletcher v. Cavalier, 4 La. 208, and the decisions cited therein.
It follows that in the present case the sale was properly decreed null. The fact that a family meeting was held, which undertook to authorize the sale of minors’ property, added nothing to the validity of the title, which was as invalid with the proceedings of the family meeting as without such a meeting.
'The coda! provision upon the subject is exceedingly plain. The sale of property of the minor1 shall be authorized by the judge and made at public auction, after having been duly advertised in the same manner required in making other judicial advertisements. Article 341.
This plain provision in the interest of persons who are not now sui juris must govern.
Having disposed of the defense thus far adversely to the title pleaded, the good faith vel non of the defendant comes up next for consideration.
If he was in good faith, he owes rents and revenues from judicial demand. If he was not in good faith, he owes rents and revenues from May, 1899.
We are not of the opinion that the defendant sustained the contention that he was in good faith. The property, we have already stated, was sold at private sale. The attempt to raise it to the dignity of a judicial sale was abortive, as it could not thus be sold, as before stated. The purchaser had no reason to believe himself the master of the property which he had bought, and in consequence it cannot be held that he was in good faith, for that belief is one of the essentials of good faith.
“The possessor in good faith is he who has good reason to believe himself the master of the thing which he possesses.” Code, art. 3451.
It follows that rents and revenues are due.
The next ground brought up before us for decision is that the purchase price paid by the defendant was expended for the benefit of the minors (who are now suing as heirs of age), and to pay debts of the succession.
The purchaser from plaintiffs’ mother— that is, Warrantor Regard — in the present suit as a witness stated that two-thirds of the price of the property, to wit, $200, was applied by the widow and tutrix to the payment of debts incurred by her after her husband’s death.
Plaintiffs cannot be called upon for that amount in any case.' It was not expended for *529 them, nor to pay the debts of their late father.
With reference to the remaining $100, we are not satisfied that it was expended in paying for the support of the minors. But, even if it was, upon the indefinite testimony introduced it is not possible with any degree of certainty to render judgment decree that the plaintiffs are responsible therefor. Minors cannot be held liable upon such a claim.,
The method provided to sell minors’ property, or to dispose of it for their support, has not been followed. It is not possible to lay down a rule under which tutors might incur indebtedness and in course of time for it to be charged against the minors after their majority. The proof does not sustain the claim. The forms of law have not been followed in this respect.
As relates to the warrantor: He must return to his vendee, Roy, the amount the vendee paid him.
The warrantor was condemned to pay $100 attorney’s fee.
The vendor, in case no warranty is stipulated in the deed of sale, is liable for the restitution of the price.
He is not liable for the fee of attorney for defending the suit and calling him in warranty.
We are of opinion that the application of plaintiffs and appellees to amend tne judgment on appeal came too late.
For reasons stated, the judgment appealed from is amended, by deducting $100 attorney’s fee, allowed in the judgment in favor of defendant against the warrantor. As amended, the judgment is affirmed. Defendant and appellant is condemned to pay the costs of appeal.