(129 So. 664)

HAND et al. v. HARPER et al.
No. 28795.

Oct. 31, 1927.

On the Merits July 2, 1930.

Moss & Moss, of Winnfield, for appellants.

Julius T. Long, of Shreveport, Dhu Thompson, of Monroe, A. L. Burford, of Shreveport, and White, Holloman & White, of Alexandria, for appellees.

BRUNOT, J.

In this case judgment was rendered in the district court against plaintiffs. A devolutive appeal from the judgment was ordered returnable to the Supreme Court. The appeal bond was given, but in the body of the bond is a recital that the appeal is taken to the Court of Appeal, Second Circuit, instead of to the Supreme Court. The transcript was filed in this court timely, and defendant has moved to dismiss the appeal for the reason stated, and bases his motion upon the provisions of Act No. 112 of 1916, and upon the ground that plaintiffs' counsel was served with the motion to dismiss, and that plaintiff did not, within the two days allowed by law, after service of the motion, furnish a new bond or correct the error in the bond originally given. Section 2 of Act No. 112 of 1916 provides that:

"Whenever any litigant in this State shall have furnished in connection with any judicial proceeding a bond and surety, and the said bond is insufficient in amount or incorrect by reason of errors or omissions therein, such litigant shall have the right to correct such insufficiency, error, or omission *in the court of original jurisdiction*, and to furnish new or additional bond and surety conditioned according to law; that any new bonds so furnished, and any supplemental or additional bond shall have the same effect as to principal and surety as if it had been furnished in the original bond and had been filed on the date of the filing of the original bond, and surety or sureties thereon shall be liable to the extent of their obligation solidarily with the sureties on the original bond; that the giving of such new, or such additional or supplemental bond shall not release or discharge the surety or sureties on the original bond who shall be solidarily liable up to the extent of their obligations with the surety or sureties on the new, the supplemental or additional bond." (Italics by us.)

A mere reading of the statute shows that, if the bond given is insufficient or incorrect by reason of any error or omission therein, the insufficiency, error, or correction must be made in the court of original jurisdiction. Section 3 of the act provides:

"That the right to furnish such new, or such supplemental or additional bond shall

be exercised as follows: The party desiring to furnish such new, or such supplemental or additional bond shall have the right so to do at any time prior to judgment; if the adverse party, or any other party in interest shall cause to be served upon him through the proper officer for service, a notice that such adverse party, or the party in interest, claims that a bond furnished in the proceeding to which he is a party or in which he has an interest, is insufficient either as to form or substance, or of the solvency, or because of the pecuniary insufficiency of the surety or sureties thereon, the said party who has furnished such bond shall have the right within two days, exclusive of Sundays, legal holidays and half-holidays, to furnish the new bond, or supplemental bond or additional bond above referred to. If he shall fail to furnish same, the case shall then proceed without any diminution of the right of the adverse party, or other party in interest, to test the sufficiency of the bond furnished whether as to the amount of form thereof, or the solvency of the surety or sureties thereon."

Section 8 of the act provides:

"That the foregoing provisions shall apply to bonds in cases of appeal" etc.

The motion to dismiss in this case presents a question over which the district court is vested by section 2 of Act No. 112 of 1916 with exclusive original jurisdiction. No proceeding has been had in that court to correct the error in the appeal bond to which our attention is directed by the motion, and for that reason the motion to dismiss is overruled.

On the Merits.

OVERTON, J.

This is a petitory action to recover a two-twelfths undivided interest in approximately three hundred and sixty acres of land, situated in the parish of Winn, coupled with actions for rents and revenues, for timber cut and removed, and for a partition.

The plaintiffs in the case are two of the six children, issue of the marriage of A. D. Hand and Josephine F. Long. The defendants are S. J. Harper and the Grant Timber & Manufacturing Company.

The land in which the interest claimed by plaintiffs forms part was acquired by their father during the existence of the community of acquêts and gains between him and his wife, Josephine F. Long. The land in which the interest is claimed, though acquired by two distinct transfers, at different times, is a single tract.

Mrs. Hand died in July, 1889, intestate. Her undivided half interest in the land passed by inheritance to her six children. Several years after the dissolution of the community by the death of his wife, Hand, erroneously treating the entire property as his, and overlooking the interest therein of his children, sold one hundred and sixty acres of it and the merchantable pine timber on one hundred and twenty acres of it to the Sulphur Timber & Lumber Company. Several years thereafter, namely, in 1907, the Sulphur Timber & Lumber Company conveyed the same property to the Grant Timber & Manufacturing Company.

The effect of the conveyance to the Sulphur Timber & Lumber Company was to convey only an undivided one-half interest in the property sold to it, for that was the only interest that Hand had to convey, and consequently, when the Sulphur Timber & Lumber Company sold to the Grant Timber & Manufacturing Company, it conveyed only the interest it acquired from Hand. Hence

the major and minor heirs of Mrs. Hand still retained their interest in the property sold.

In 1910, nearly eleven years after the death of Mrs. Hand, and following the foregoing transactions, Hand qualified as natural tutor of his two children, the plaintiffs herein, who were then minors, the others having attained their majority, and on the same day caused a family meeting to be convoked to advise whether it was to the interest of the two minors that their two-twelfths undivided interest in the entire three hundred and sixty-acre tract, which included the interest that he had conveyed without authority in transferring portions of the tract, should not be sold at private sale, to effect a partition, the entire tract being owned by them in indivision with others.

The procès verbal of the family meeting, after stating that the object of the meeting was explained to the members thereof by the notary, and after declaring that the meeting finds that the minors own the entire tract in indivision with others, recites: "It being shown that the said A. D. Hand, the minors Cory and Cody Hand, nor their brothers and sisters are able to properly improve the said property, pay the taxes on same, and it being shown that it is to the advantage of the said minors that the property be sold at private sale; it being shown that there has been good offer made for the purchase of all of said land by S. J. Harper, we therefore recommend that the said ⅙ interest of the said minors in the said property be sold at private sale to the said S. J. Harper, for a sum not less than one hundred and sixty-six & 66⅔ [dollars]; that the said A. D. Hand, under tutor (meaning natural tutor) be empowered to sign and execute a deed of conveyance to the property belonging to said minors. In making this recommendation, the interest of the said minors to the first 200 acres of land described in this instrument is rated at the sum of one hundred forty dollars."

The proceedings of the family meeting were immediately presented to the court for homologation by petition setting forth that the sale of the property was recommended for the purpose of effecting a partition, and the proceedings were homologated.

On February 4, 1910, the property was sold to defendant, Harper, at private sale, by the natural tutor, for the special purpose of effecting a partition, and the deed was signed by him, individually and as natural tutor, and by the major heirs. The minors received, by payment to their tutor, the purchase price for their interest as fixed by the family meeting. The deed purports to convey only the interest of Hand and his children in the property.

In 1914 the family meeting of 1910 was reconvened on the application of defendant to correct the procès verbal of the 1910 meeting by showing that that instrument inadvertently omitted to state that the property was to be sold to effect a partition. However, one member of the meeting refused to take part in it. The procès verbal of the meeting, which recommended the correction, was not homologated, and therefore this meeting passes out of the case.

Following the family meeting of 1914, an exchange was made between defendant, Harper, and the Grant Timber & Manufacturing Company, whereby the latter conveyed to Harper its interest in the land, acquired by it from Hand through the Sulphur Timber & Lumber Company, and whereby Harper conveyed to the Grant Timber & Manufacturing Company his interest in certain timber on the land, thus giving defendant apparent title to the entire tract of three hun-

dred sixty acres, apart from certain timber thereon.

Plaintiffs seek to recover the two-twelfths interest in the land, inherited by them from their mother, by annulling the sale made by their father, as their tutor, of that interest to defendant. The grounds alleged for annulling the sale, so far as pressed, may be stated as follows:

(1) That the sale made by plaintiffs' tutor to defendant is null, because the family meeting did not recommend that plaintiffs' interest be sold at private sale to effect a partition, but instead recommended that a private sale be made for the reason that it was shown that neither their father, nor they, nor their brothers and sisters, were able to properly improve the said property and pay the taxes on the same.

(2) That the sale made is null, because the family meeting recommended that plaintiffs' one-sixth interest in said property be sold at private sale, and did not recommend that their interest be sold with the whole of said land.

When the family meeting, recommending the sale, was held, and when the sale was made, Act No. 25 of 1878, amending and re-enacting section 2667 of the Revised Statutes, was in force. That act provides that: "When two or more persons, some or all of whom are minors, hold property in common, and it is the wish of any one of them, or, if a minor represented by his tutor or tutrix, to effect a partition on the advice of a family meeting, duly convened according to law, to represent the minor or minors, said property may be sold at private sale for its appraised value, said appraisement to be made and the terms of said sale to be fixed by the family meeting, and said proceedings to be homologated by the judge of

probates of the parish in which the said minor resides."

The act contemplates that the property may be sold at private sale, when the family meeting so recommends, to effect a partition, and not when the purpose is to effect something else. The procès verbal of the meeting does not expressly say that the sale is recommended to effect a partition. The question is therefore presented whether that document sufficiently discloses that the sale was recommended for the purpose of effecting a partition. We think that it does sufficiently so disclose. The family meeting was convoked for the single purpose of effecting a partition by private sale. Immediately after the oath was administered to the members of the meeting, and before they began their deliberations, the object of the meeting was explained to them by the notary. The meeting, as is necessary in such cases, made an appraisement, which is an act peculiar to partitions by private sale, and which shows that the meeting had in mind that the sale was to be made to effect a partition. The finding that the father of plaintiffs and his remaining children were unable to improve the property properly was only a reason given for recommending the sale, and was not a statement of the purpose to be accomplished by the sale. In our view, the sole purpose of recommending the sale, as disclosed by the proceedings, was to effect a partition, and that express mention of the purpose to effect one was inadvertently omitted by the notary from the procès verbal. This ground of attack therefore should not prevail.

As to the second ground of attack, the family meeting does not recommend that plaintiffs' interest in the property be sold together with the interests of their co-owners, nor, as a matter of fact, was their in-

terest so sold, but the sale is so worded as indirectly to exclude the interest owned by the Grant Timber & Manufacturing Company, legally acquired by it, so as to make the partition one among Hand and his major and minor children; the Grant Timber & Manufacturing Company not being a party to the sale nor to the partition.

Against this ground of attack defendants plead the prescription of six months, established by Act No. 53 of 1912, which provides: "That any action to set aside or annul a sale of real estate, made in good faith, to effect a partition, under the provisions of section 2667 of the Revised Statutes of Louisiana, where the sole reason for the attack upon such sale is that a part and not the whole of the property sought to be partitioned was sold and where said sale was made prior to the passage of this act, shall be prescribed by the lapse of six months from and after the promulgation of this act."

The sale, here attacked, was made in good faith; the sole reason for the attack on the sale—that is, the only valid ground of attack, were it not for the bar of the statute —is that a part and not the whole of the property was sold to effect a partition. The sale was made prior to the passage of the statute, and far more than six months elapsed between the sale and the bringing of this suit.

In our view, this ground of attack is barred by the prescription of six months. From this conclusion it follows that plaintiffs' demand for the recovery of their alleged interest in the land should be rejected.

As to plaintiffs' demand for rent, which is against Harper alone, it must be rejected, for Harper did not take possession of the land until after his purchase. As to plaintiffs' demands for timber cut and taken from the land, which are against both Harper and the Grant Timber & Manufacturing Company, these must also be rejected, because the timber was not cut until after Harper's purchase at the partition sale.

The trial court rendered judgment rejecting plaintiffs' demands.

The judgment is affirmed.