151 So. 65

MARGETICH v. EMMONS et al.

No. 31783.

Oct. 30, 1933.

Bryan E. Bush, C. B. Prothro, Melvin F. Johnson, and John B. Files, all of Shreveport, for appellants.

James U. Galloway and Nash Johnson, both of Shreveport, for appellee.

O'NIELL, Chief Justice.

This is an action to recover a half interest in a tract of land, of eighty acres, which the plaintiff's father sold to the defendants' authors in title when the plaintiff was a minor. The land belonged to the matrimonial com-munity between the plaintiff's father and mother. She died on the 19th of October, 1918, when the plaintiff was only ten years of age. The succession was regularly opened, and the father of the plaintiff qualified and was confirmed as natural tutor. In Decem-ber, 1920, the father, as natural tutor, peti-tioned the court for authority to sell the eighty acres of land at private sale, to effect a partition. He alleged in his petition that he was not willing to continue to hold the prop-erty in joint ownership with his minor son, and that it would be advantageous to the son, as well as to him, to have the property sold then to two prospective buyers, who offered a price which was as much as the property was worth, and which was $500 more than the mortgage on it. He alleged that the mortgage notes were maturing, and that he was not able to pay them, or to protect himself or the minor against the danger of loss by foreclosure of the mortgage. On those allegations, which were concurred in by the undertutor, and which were satis-factorily proven, the judge ordered the prop-erty sold at private sale, dispensing with a family meeting, under the provisions of Act No. 110 of 1920. Accordingly, the plain-tiff's father, individually and as tutor, made a private sale of the property, on the 22d of December, 1920, for the price stated in his petition to the judge, which price was $500 more than the mortgage on the property, and is admitted to have been a good price at the time of the sale.

The cause of action set forth in this suit is that, notwithstanding the plaintiff's father alleged in his petition for authority to sell the property that the purpose was to effect a partition, and that he was unwilling to con-

tinue to hold the property in joint ownership with his son, nevertheless the true purpose was "to get a good price, as well as to pay debts."

The defendants in this suit filed an exception of no cause of action, which was overruled. Answering the suit, they averred that the purpose for which the property was sold by the plaintiff's father was to effect a partition, and that that fact was not contradicted by, or inconsistent with, the fact that it was advantageous to the plaintiff's father and to the plaintiff himself that the property should be sold at private sale, instead of being subjected to a public auction. The defendants filed also a plea of prescription of ten years and a plea of estoppel, based upon the fact that the plaintiff, after he had arrived at the age of majority, signed an approval of his father's final account as tutor, in which account appeared an acknowledgment of the receipt and disbursement of the cash portion of the price for which the property was sold. The plea of prescription and plea of estoppel also were overruled, and, after trial of the case on its merits, the district court gave judgment for the plaintiff. The defendants have appealed from the decision.

We find it unnecessary to consider either the plea of prescription or the plea of estoppel, because our opinion is that the sale which the plaintiff is complaining of was a valid sale. The defendants' exception of no cause of action was well founded, but, inasmuch as the case has been tried on its merits, we shall rest our decision upon the evidence adduced, which is in accord with the allegations of the petition.

■ The plaintiff is right in his contention that a tutor cannot sell real estate in which his ward owns an interest *by private sale* for any other purpose than to effect a partition. Fletcher v. Cavalier, 4 La. 268; Rist v. Hartner, 44 La. Ann. 378, 10 So. 760; Blair v. Dwyer, 110 La. 332, 34 So. 464; Touchy v. Gulf Land Co., 120 La. 545, 45 So. 434, 124 Am. St. Rep. 440; Gremillion v. Roy, 125 La. 524, 51 So. 576; Keel v. Sutherlin, 130 La. 182, 57 So. 794; Moore v. Pitre, 149 La. 910, 90 So. 252.

■ But, where the purpose of a tutor in making a sale of real estate owned jointly by him and his ward is to effect a partition, the fact that the tutor may be induced by other considerations of advantage to his ward to make a private sale of the property does not forbid the judge to authorize the private sale. Hand v. Harper, 171 La. 47, 129 So. 664; Schrock v. Bolding, 171 La. 929, 132 So. 504.

The plaintiff in this case relies particularly upon the decision in Moore v. Pitre, 149 La. 910, 90 So. 252. But the ruling in that case, that the private sale of the property owned jointly by the tutrix and her minor children was null because the purpose of the sale was not really to effect a partition, was founded upon the finding that the children—one of whom was yet unborn when the sale was made—were imposed upon. The tutrix had moved away from the parish in which the property was situated, and, having an offer for the sale of the property, she wrote to an attorney at law to prepare the deed. He, without her knowledge (as in the case of Francoise v. Delaronde, 8 Mart. [O. S.] 619), made the allegation in his petition to the judge that the purpose of the proposed sale

was to effect a partition; and it was without the knowledge of the tutrix that a family meeting was called to consider whether the sale should be made to effect a partition. In deciding the case we said that it was not necessary to decide whether, if the main purpose of the sale had been to effect a partition of the property, the fact that there were other reasons for making a private sale would have rendered the sale invalid. Whatever may have been said in that case, with regard to the question of validity of a private sale of property owned jointly by a tutor and his ward, must be construed with reference to the subsequent rulings on the subject, in Hand v. Harper, 171 La. 47, 129 So. 664, and in Schrock v. Bolding, 171 La. 929, 132 So. 504, 506. In the latter case it was said:

"It is true that, in the procès verbal of the proceedings of the family meeting, it was said that the sale of the interest of the minor children to Enoch W. Bolding and Benson H. Bolding should be made 'for the better support and education of said minors, and for the purpose of effecting a partition.' But, in the petition for the calling of a family meeting, it was alleged that the tutor representing the minor children was not willing that they should continue to hold the property jointly with the coproprietors, and that the purpose of the proposed sale was to effect a partition. The case is therefore very similar to Hand v. Harper, 171 La. 47, 129 So. 664. * * * Our ruling [in Hand v. Harper] was that the fact that the family meeting declared that the inability of the children to improve the property or to pay the taxes on it made it advisable that it should be sold

did not alter the fact that the purpose of the sale was to effect a partition," etc.

The judgment appealed from is annulled, and the plaintiff's demand is rejected, and his suit is dismissed at his cost.

ROGERS, J., not having heard the argument, takes no part.