During May, 1941, J.H. Moody agreed to buy from F.W. King, doing business as C. N. Sales Company, a converted beer cooler and dispenser which King and his salesman represented would be suitable for the cooling and dispensing of orange juice. The price agreed upon was $313.60, of which $63.60 was paid in cash when the written agreement to purchase was executed. There remained a balance of $250 which, according to the contract, was "to be carried over eighteen months * * *". There were certain extras, the price of which is not made certain in the record, but some of which are shown in an invoice as being billed at $17.50.
When the cooler arrived in Baton Rouge, the domicile of Moody, the bill of lading was attached to a sight draft for $268, and Moody could not secure the shipment until he had paid this draft. He made this payment and immediately upon obtaining the cooler found that certain necessary equipment was missing and that the cooler could not function satisfactorily in the condition in which it then was. He called upon King to supply the missing equipment and to do what might be necessary to place the cooler in operating condition, but, though King sent a representative to examine the cooler, nothing was done to remedy the defects. Moody then called upon King to remove the cooler and refund the amount paid, which King failed or refused to do. This suit, filed on October 30th, 1941, is the result.
Plaintiff claims the following amounts:
(a) return of cash portion of the contract price ................ $ 394.70 (b) freight charges ................. 12.25 (c) handling ........................ 2.50 (d) storage, July, August, Sep- tember and October ............ 20.00 (e) loss of profit and inconven- ience ......................... 500.00 (f) attorney's fee .................. 216.65 --------- $1,146.10
There was judgment below for $429.45 made up of the following items set forth in the judgment:
1 — return of cash portion of con- tract price .................. $394.70 2 — freight charges .......... 12.25 3 — handling ................. 2.50 4 — reasonable allowance for stor- age .......................... 20.00 ------- $429.45
The record leaves no doubt whatever that the cooler failed to function and that certain essential parts were not furnished. The record also shows that Moody called upon King to remedy the defects and gave him ample opportunity to do so, and that *Page 109 
nothing was done, and that Moody then called upon King to remove the cooler and refund the amounts which he had expended.
[1] Plaintiff is entitled to receive back such amounts as he necessarily expended for the cooler and for the freight, handling and storage charges.
[2, 3] There is not the slightest proof of loss of profit or of inconvenience, and therefore claim for those items of damage was properly rejected as was the claim for attorney's fees. Plaintiff proved that he had paid transportation charges of $12.25 and $2.50 for "handling" and that he also paid storage charges amounting to $20. Those items were properly allowed. However, plaintiff's proof as to the amount paid for the cooler and equipment shows only the cash payment of $63.60 and the amount of the draft and collection charges which amounted to $268.27, which makes a total paid on the purchase price of $331.87 and not $394.70, as allowed in the judgment. To this should be added the freight charges, cost of handling and storage, making a total of $366.62.
The judgment is amended by the reduction of the amount thereof to $366.62, with legal interest from judicial demand. As thus amended the judgment is affirmed. Appellee to pay costs of appeal, all other costs to be paid by defendant appellant.
Amended and affirmed.