This is a suit for the recovery of the sum of $350.00 paid by plaintiff to defendant as consideration for the purchase of certain timber on the property then owned by defendant. Subsequent to the sale of the timber defendant sold the property to a third party, neglecting to except the timber in the act of conveyance. *Page 143 
The facts, which are undisputed, are that plaintiff, J.P. Voss, doing business under the name of J. P. Voss Lumber Company, by written instrument dated March 2, 1943, purchased all the standing and growing timber eight inches in diameter and up on a certain eighty-acre tract of land in Union Parish, Louisiana, owned by defendant, Mrs. Clay Roach. The.consideration set forth in the agreement was the sum of $350.00 in cash, receipt of which was acknowledged. By an act of conveyance dated October 2, 1943, the defendant, Mrs. Clay Roach, sold, conveyed and delivered the same tract of land to one W.L. Sones. This conveyance contained no reference to the previous sale of the timber on the tract of land conveyed. Under the terms of the timber deed plaintiff was given a period of one and one-half years within which to remove the timber purchased. The timber deed was not recorded nor did plaintiff make any attempt to cut and remove the timber until after the execution and recordation of the deed from defendant to Sones, at which time Sones refused to permit plaintiff to cut and remove the timber, and claimed ownership of the same by reason of his purchase of the property from defendant. Upon the development of this contingency plaintiff was compelled to repurchase the timber from Sones, in the course of which transaction he paid the sum of $350.00 cash in consideration thereof. This action was instigated for the purpose of recovering the sum of $350.00, representing the amount paid out by plaintiff for the timber purchased from defendant, and an additional sum of $100.00 as attorney's fees.
Defendant filed an exception of no right or cause of action based upon plaintiff's failure to affirmatively allege a demand on defendant for delivery of the timber, that is, the failure to place defendant in default. The exception was overruled and after trial on the merits there was judgment in favor of plaintiff in the amount of $350.00, with interest and costs, from which judgment defendant has appealed. Plaintiff has answered the appeal in this Court praying the amendment of the judgment to the extent of awarding an additional amount of $100.00 claimed as attorney's fees.
On appeal defendant re-urges the contention that plaintiff's demand for recovery is barred by reason of his failure to put the defendant in default, citing Civil Codc, Article 1912, and numerous cases in support of this contention.
[1-3] We find no merit in this claim. The law does not require a putting in default when such action would be a vain, futile and useless gesture; Robinson v. Clark, 20 La. Ann. 384; New Iberia Sugar Co. v. Lagarde, 130 La. 387, 58 So. 16. Under the facts in this case defendant had actively breached her contract and agreement with plaintiff, and had placed it beyond her power to carry out the said contract. It is therefore obvious that by her own action she put herself in default to such extent and degree that any demand on the part of plaintiff would have been a waste of time and effort. The facts in the case of Hart v. Adler, 19 La. Ann. 301, which case is cited in support of defendant's contention, are clearly at variance with the facts in the instant case, and the holding of the Court therefore is not applicable.
[4, 5] The only other issue made by defendant is that plaintiff's loss is due to his own negligence in failing to record the timber deed given by defendant. It is well established that the negligence, carelessness and laches of a party in failing to seasonably record an instrument cannot be interposed as a defense by the vendor of property who, by his own act, has been guilty of depriving such party of title. Clark v. O'Neal, 13 La. Ann. 381; Boyer v. Amet, 41 La. Ann. 721, 6 So. 734; Whitten v. Monkhouse, La. App., 29 So.2d 800.
The only remaining question before us concerns the right of plaintiff to the allowance of attorney's fees as urged in the answer to the appeal herein. Counsel for plaintiff rely upon the authority of that part of Article 2506 of the Civil Code which provides for the recovery of "all the costs occasioned, either by the suit in warranty on the part of the buyer, or by that brought by the original plaintiff", and cites the case of Boyer v. Amet, supra.
[6] We find no reference in the cited case to an allowance of attorney's fees, nor do we interpret the codal provision, as *Page 144 
above quoted, as authorizing the recognition of attorney's fees as an element of damages. To the regretful knowledge of attorneys there is abundant authority to the effect that fees are not allowable as an element of damages except in those rare instances in which they are specifically granted by law.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.