**Benton William CAUSEY**

v.

**BELKNAP HARDWARE MANUFAC-TURING COMPANY et al.**

Civ. A. No. 3078.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Feb. 2, 1966.

Arthur Cobb, Baton Rouge, La , for plaintiff.

John I. Moore, Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, La., for intervenor, Travelers Ins. Co.

Wallace A. Hunter, Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, La., for defendants Belknap Hardware Mfg. Co., and Phoenix Assurance Co. of New York.

Iddo Pittman, Jr., Pittman & Matheny, Hammond, La., for defendants Stanley Works, Inc., and Aetna Casualty & Surety Co.

WEST, District Judge:

This suit was originally brought by plaintiff, Benton William Causey, against the defendant, Belknap Hardware Manufacturing Company, seeking damages allegedly resulting from a defective crowbar purchased by the plaintiff from this defendant. Thereafter, before answer was filed, and upon learning that Belknap was merely the distributor of the crowbar rather than its manufacturer, plaintiff amended his complaint to make Stanley Works, Inc., the actual manufacturer of the crowbar, a party defendant. Belknap then answered and at the same time filed a cross-complaint against Stanley Works, alleging that Stanley Works expressly and/or impliedly warranted the merchandise in question and prayed for judgment over against Stanley Works as indemnity for any and all amounts for which Belknap might be found indebted to plaintiff. Belknap also alleged that it had tendered the defense of this suit against them to Stanley Works, and that said tender had been refused. Belknap therefore also asks for reasonable attorney fees and for all costs of their defense.

After all pre-trial procedures had been completed, the case was tried to a jury. The jury found that neither Belknap nor Stanley Works was guilty of any negligence, but that Stanley Works was guilty of a breach of warranty and that as a proximate result thereof, plaintiff had been damaged in the amount of $2,500.

Judgment was entered in accordance with this verdict in favor of the plaintiff and against Stanley Works in the sum of $2,500. The question now to be decided is whether or not Belknap is entitled to recover attorney fees and costs from Stanley Works, Inc. The Court answers this question in the negative.

Counsel for Belknap relies primarily on what it understands to be the general or majority rule as summarized in American Jurisprudence, wherein it is said:

"Reasonable counsel fees which have been incurred in resisting the claim indemnified against may be recovered as a part of the damages and expenses when an action is brought to recover indemnity either upon a right of indemnity applied by law or arising under a contract." 27 Am. Jur. Indemnity § 27, p. 474.

He then cites General Electric Company v. Mason & Dixon Lines, Inc., 186 F.Supp. 761 (W.D.Vir.1960), as stating the same general rule of law, and lastly he relies upon Pure Oil Co. v. Geotechnical Corp. of Delaware, 129 F.Supp. 194 (E.D.La. 1955), as stating the Louisiana rule, wherein Judge Wright stated:

"There seems little question that, whether the indemnity is implied in law or arises under contract, reasonable counsel fees and costs incurred in resisting the liability indemnified against may be recovered."

Since the case presently before the Court is a diversity case, and thus governed by the doctrine of Erie Railroad v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the Court must look not to the general or majority rule, but rather to the law of the State of Louisiana. In the absence of any direct pronouncement on the subject by the courts of Louisiana, this Court must endeavor to determine, if possible, what the Louisiana state courts would do if deciding the same issue. The citation from American Jurisprudence, supra, merely states what appears to be the majority rule. The *General Electric* case is merely an expression of what the Unit-

ed States District Court for the Western District of Virginia believed the law of the State of Virginia to be. And the quotation from the *Pure Oil* case is merely dicta that was completely unnecessary to a determination of the matter before that Court.

The question before this Court now is what, if anything, have the Louisiana courts said on this point, and if they have said nothing pertinent, then what is it fair to assume they would say if confronted with the same problem.

While a search of the Louisiana jurisprudence indicates that the precise question here involved has never been squarely passed upon by Louisiana courts, there are, nevertheless, certain indications and guide lines evident which leave little doubt as to what those courts would say if confronted with this identical problem.

In M. M. Ullman & Co. v. Levy, 172 La. 79, 133 So. 369 (1931), for example, a case dealing with a breach of a written lease contract wherein liquidated damages had been provided for, but where no specific provisions had been made for recovery of attorney fees, the Court said:

"* * * there is neither law nor jurisprudence in this state which allows a defendant to recover attorney's fees for defending a civil suit."

And again in Rhodes v. Collier, 215 La. 754, 41 So.2d 669, a suit involving a boundary dispute, the Court said:

"The ordinary rule is that attorneys' fees are not recoverable in a civil action in the absence of statute or contract. Meraux & Nunez, Inc. v. Gaidry, 171 La. 852, 132 So. 401. An exception is made in conservatory writs where defendant succeeds in having the writ dissolved on motion but not on defenses applicable to the merits."

▮ Thus, the general rule in Louisiana is well settled to the effect that in the absence of a contract or specific statutory provisions, attorney's fees are not an item of recoverable damages.

Turning our attention now to the specific question of whether or not attorney's fees are recoverable in cases predicated on implied warranty, we find that certain articles of the Louisiana Revised Civil Code and their interpretations by the Louisiana courts become quite pertinent.

Article 1764, dealing with the essential elements of a contract under Louisiana law, provides, in part, that unless modified or renounced by the parties, every sale carries with it an implied warranty of fitness.

Article 1934, dealing with the damages resulting from breach or inexecution of contracts, provides, in part, that "[w]here the object of the contract is any thing but the payment of money, the damages due to the creditor for its breach are the amount of the loss he has sustained * * *." But in interpreting this provision, the Louisiana courts have consistently held that the "loss sustained" does not include attorney's fees expended, unless bad faith amounting to fraud is proved. Smallpage v. Wagner and Wagner, 84 So.2d 863 (Orl.Cir. 1956); Graeme Spring & Brake Service, Inc. v. DeFelice, 98 So.2d 314 (Orl.Cir. 1957); Blackshear v. Landey, 46 So.2d 688 (Orl. Cir. 1950).

Article 2506 specifically provides that "[w]hen there is a promise of warranty, or when no stipulation was made on that subject, if the buyer is evicted, he has a right to claim against the seller: * * 3. All the costs occasioned, either by the suit in warranty on the part of the buyer, or by that brought by the original plaintiff." But despite this language, the Louisiana courts have repeatedly held that "all the costs" mentioned in this article does not include attorney's fees occasioned by the suit. Juneau v. Laborde, 228 La. 410, 82 So.2d 693 (1955); Gremillion v. Roy, 125 La. 524, 51 So. 576 (1910); Voss v. Roach, La.App., 35 So. 2d 142 (2 Cir. 1948).

Again, in Article 2531, dealing with redhibitory defects, it is provided that where the seller did not know of the devices of the thing sold, he is only bound

to "restore the price, and to reimburse the expenses occasioned by the sale * * *." In interpreting this article, the Louisiana courts have held that "the expenses occasioned by the sale" does not include attorney's fees. Mossler Acceptance Corp. v. Naquin, 31 So.2d 247 (1 Cir. 1947); Moody v. King, 21 So.2d 108 (Orl.Cir. 1945).

It is thus quite apparent that Louisiana adheres to the view that in the absence of a direct contractual obligation, or in the absence of a specific statutory provision therefor, attorney's fees incurred in defense of a civil suit based upon warranty may not be recovered as an item of damages. Thus, this Court being bound not by the general or majority rule, but rather by the laws of Louisiana, the claim of Belknap Hardware Manufacturing Company against Stanley Works, Inc., for attorney's fees and costs incurred in defending this suit must be denied.

Judgment will be rendered accordingly.