WILLIAMS, Judge.
Plaintiff, Reuben P. Miller, alleging that there was an outstanding title to an undivided 14th interest of a certain lot in the city of Minden, Louisiana which he acquired from Jacob E. Patterson, seeks to have the entire transaction cancelled and recover judgment against Patterson for the amount of $4,100 received by him on the purchase price, plus other items of costs totaling $1,287.08. Defendant Patterson answered plaintiff’s demands denying plaintiff’s right of recovery and, by a third party petition, called on Patterson’s vendors, Mrs. Elizabeth Frazier Velasco and Hester Frazier Reynolds, and their respective husbands, to be held responsible for any judgment plaintiff might obtain against Patterson. The trial court gave plaintiff judgment as prayed for against defendant Patterson and in turn granted judgment in favor of defendant Patterson as third party plaintiff against Hester Frazier Reynolds and Elizabeth Frazier Velasco rescinding their sale to Patterson and ordered Reynolds and Velasco each to pay Patterson the amount of $2,050 plus sums equal to the original plaintiff’s damages, and granted Patterson attorney’s fees of $500. From this judgment third party defendants Reynolds and Velasco have de-volutively appealed to this court. Patterson has not appealed nor made any appearance in this court; therefore, the judgment of the trial court in favor of Miller against Patterson has become final.
The undivided one-eighth (14) interest that Miller claims as outstanding was recognized by the court in the case of Placid Oil Company v. Jane Oakley Frazier, et *24 al., 126 So.2d 800 (La.App., 2d Cir. 1961). In that case this court affirmed the trial court's judgment declaring invalid a quitclaim (covering 80 oil-producing acres in Webster Parish and the lot in Minden involved in the case now before us) by Mrs. Mary Jane Royce, Mrs. Lillian Joyce Hansen and Mrs. Norma Patricia Zualet to their grandmother, Jane Oakley Frazier. The third party defendants were parties to that suit.
In the above case this court held that the quitclaim by the grandchildren to their grandmother was obtained through error and fraud. This court said:
“ * * * The evidence is clear that it was represented to the granddaughters that the quitclaim deed was sought for the purpose of obtaining an FHA loan to improve the condition of the Frazier home in Minden. Such a loan was never obtained and the evidence shows that as of the time the representations concerning the loan were made, the oil payments to which Mrs. Frazier was entitled obviated the need for such a loan. Had the signers of said deed known that a lucrative oil well was producing on the property, and that Mrs. Frazier was not in need of the money to make repairs to her home, we feel quite sure they would have refrained from executing the instrument.
* * * * * *
“The record in this case clearly sustains charges that the signatures to the quitclaim deed in question were obtained through error and fraud, and, as a consequence, we find no error in the ruling of the trial judge. Therefore, it follows that the judgment from which appealed should be and is hereby affirmed at appellant’s cost.” [126 So.2d 800, 804, 805]
The judgment in the Placid Oil Company case leaves no doubt that the entire deed by the grandchildren to their grandmother was a nullity thereby recognizing the y$th interest of these grandchildren outstanding.
Patterson acquired the lot described in this suit from Mrs. Reynolds and Mrs. Velasco by deed dated Aug. 1, 1966, for $3,000 cash. On February 13, 1967 defendant Patterson sold the lot to plaintiff Miller for $4,100. The deed recited it was made “ * * * with full guarantee of title, and with complete transfer and subrogation of all rights and actions of warranty * * * ” Plaintiff testified that he purchased the lot in order to construct thereon two residences which in due course he would seek to sell. Prior to beginning construction on the lot the furnisher of materials required a title examination showing clear title in plaintiff. This title examination revealed the outstanding undivided one-eighth (l/s) interest already mentioned.
Plaintiff notified the defendant of what was revealed by the title examination. Efforts of defendant and the third party defendants to secure the outstanding interests were in vain. Plaintiff then brought this action to rescind the sale by defendant to plaintiff. Plaintiff claims that the said outstanding interests are of such consequence relative to the whole title of the lot and to his cause in purchasing same that he would not have purchased the lot had he known of such outstanding interests. Accordingly plaintiff claims he is evicted of that one-eighth portion of the lot and he is entitled to have the sale cancelled and the restitution of the full purchase price, with legal interest from the date of judicial demand and for all damages he suffered resulting therefrom. Louisiana Civil Code art. 2511 provides:
“If the buyer be evicted from a part only of the thing sold, and it be of such consequence relatively to the whole, that the buyer would not have purchased it without the part from which he is evicted, he may have the sale canceled.”
In the case of Hausler v. Nuccio, 214 La. 1069, 39 So.2d 734, 735 (1949) the court *25 held the law in case of an outstanding interest to be as follows:
“Clearly, therefore, there is an outstanding title to that portion of plaintiff’s lot extending into Peoples Avenue; consequently, it is not necessary that she should have been actually evicted before bringing this suit for the recision of the sale. Articles 2452, 2500, 2501 of the Revised Civil Code; * * *. And since it appears from the evidence that * * * she would not have purchased the property without that part from which she is evicted, she has the right to have the sale cancelled. [Article 2511 of the Revised Civil Code; * * and to a restitution of the price, * [39 So.2d 734, 735, 738]
The judgment of the trial court in favor of plaintiff and against defendant is final. Only the appeal by the third party defendants is before this court.
The trial court granted judgment in favor of Patterson as third party plaintiff against party defendants Hester Frazier Reynolds and Elizabeth Frazier Velasco, rescinding the sale by them to Patterson. In this judgment the court ordered the third party defendants each to pay to Patterson the sum of $2,050 or a total of $4,100.
This judgment rescinding the sale to Patterson is correct. The questions remaining is whether or not the sums granted Patterson are legally allowable. Our Civil Code provides in Article 2506:
“When there is a promise of warranty, or when no stipulation was made on that subject, if the buyer be evicted, he has a right to claim against the seller:
1. The restitution of the price.
******
3. All the costs occasioned, either by the suit in warranty on the part of the buyer, or by that brought by the original plaintiff.
4. The damages, when he has suffered any, besides the price that he has paid.
In applying Civil Code Art. 2506 our courts have stated:
“ * * * the rule has been that the war-rantor should restore to the evicted ven-dee the purchase price, without reference to the enhanced or depreciated value of the property at the date of the eviction. * * * t>
[Boyer v. Amet, 41 La.Ann. 721, 6 So. 734, 736 (1889)]
See 20 Tulane Law Review, 624 (June 1946) with respect to the rule for the measure of damages for breach of warranty against eviction.
A copy of the deed by Mrs. Reynolds and Mrs. Velasco to Patterson is in the record. It shows that the consideration for this sale was $3,000. The trial court’s judgment in favor of Patterson allowed the enhanced value of the lot by awarding Patterson the amount he received from Miller. This is not legally correct. The judgment should have been for the original consideration between Patterson and his vendors.
The judgment of the trial court allows Patterson the sum of $500 to be paid by Mrs. Reynolds and Mrs. Velasco. According to the pleadings and evidence this must be attorney’s fees although not classified as such in the judgment. Our courts have consistently held that attorney’s fees are hot elements of damages under LSA-C.C. art. 2506. Voss v. Roach, 35 So.2d 142 (2d Cir. 1948); also Causey v. Belknop Hardware Manufacturing Company, 250 F.Supp. 312 (D.C.1966).
Therefore the judgment of the trial court is amended by reducing the sum awarded Patterson and against Mrs. Reynolds and Mrs. Velasco from $2,050 each to the sum *26 of $1,500 each, and deleting the sum of $500 granted Patterson against Mrs. Reynolds and Mrs. Velasco as attorney’s fees. In all other respects the judgment of the trial court is correct and is affirmed at appellee Patterson’s cost.
Judgment amended, and, as amended affirmed.