(34 South. 464.)

No. 14,596.

BLAIR et al. v. DWYER et al.

(May 11, 1903.)

PARTITION—MISJOINDER OF PARTIES—TUTOR—SALE OF MINOR'S PROPERTY—BONA FIDE PURCHASER.

1. An exception of mis-joinder was filed on the ground that the exceptor having sold part of the property before it had been decreed that plaintiffs owned any interest in it, and his vendee thus claiming a separate tract and exceptor a separate tract, it was bad practice to join both in the same partition suit: *Held*, since some privity of interest exist between exceptor and his vendee in this, that the exceptor is warrantor of the title of his vendee and was called in warranty, and since the objection raised is obviated by the judgment appealed from ordering separate sale of the two tracts to effect partition, the exception will not be sustained.

2. A *private* sale of minors' property by their tutor *to pay debts* is void, and it is none the less so because a family meeting advised it and the judge homologated the proceedings of the meeting.

3. The immediate vendee in such a sale may be a possessor in bad faith; but it does not necessarily follow that his vendee, nor the vendee of his vendee, is likewise in bad faith. A

purchaser may well be in good faith though his vendor was in bad faith.

4. Nor is a vendee to be held a possessor in bad faith merely because of the fact, or the probability, that a careful examination of the conveyance records would have disclosed the nullity of the vendor's title.

(Syllabus by the Court.)

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; D. B. Gorham, Judge ad hoc.

Action by James A. Blair and others against William Dwyer and others. From the judgment William Dwyer appeals. Modified.

Leon Sugar, for appellant. Pujo & Moss, for appellees J. A. and J. H. Blair. Sompayrac & Toomer, for appellees W. R. Blair and Mrs. A. J. Leithead. Schwing & Moore, for appellee Crowley.

BLANCHARD, J. This is an action of partition. Plaintiffs are owners each of an undivided one-eighth interest in and to certain property which is described—being 18 acres of land within the corporate limits of the town of Lake Charles.

They make parties defendant their sister Elizabeth Maria Blair, now the wife of A. J. Leithead, and their brother William Blair, whom they aver to own each an undivided one-eighth interest in the property; and they make as further parties defendant William Dwyer and Patrick Crowley, who are averred to own in indivision the remaining four-eighths, or one-half interest.

In connection with their demand for partition, they asserted a claim against defendant Dwyer for rents and revenues of the property, averring him to owe each of them on this account $410.30, with legal interest, less their proportion of such sum as may be determined as due him on account of improvements put upon the property and taxes paid.

Their prayer was for judgment against him for rents and revenues so claimed, and for the sale of the property to effect a partition.

There was judgment in the court below decreeing the partition of the property, and because not susceptible of division in kind it was ordered sold to effect partition.

There was judgment holding Dwyer to be a possessor in bad faith and fixing the entire rents and revenues of the property at the sum of $1,403.00, and he was decreed to pay to each of the plaintiffs one-eighth thereof with interest from judicial demand.

There was judgment fixing the amount that Dwyer is entitled to claim, for taxes paid and on account of improvements erected, at the sum of $1,356.60, and he was decreed a credit against each of the plaintiffs for one-eighth thereof.

Dwyer appeals.

This suit is the sequel of one filed in 1896 by these same plaintiffs against William Dwyer and Patrick Crowley. That suit was a petitory action in which the plaintiffs prayed for judgment recognizing them as owners of one-eighth interest each in the same property now sought to be partitioned.

Their claim of ownership was sustained, and on appeal to the Court of Appeal, Third Circuit, the judgment of the District Court, decreeing them owners, each, of an undivided one-eighth interest of the property, was affirmed, and there was reserved to all parties in interest all rights relative to improvements, rents, revenues, taxes, etc.—relegating to a future action of partition to be brought the adjustment and determination of the same.

The present suit is that action.

James Blair, the father of plaintiffs, purchased the property in question prior to 1880.

At the time of its purchase, his wife, Eliza E. Herrington (mother of plaintiffs) was living, and the property fell into the community of acquets and gains existing between James Blair and herself.

Mrs. Blair died in 1880 intestate, and plaintiffs and their sister, Mrs. Leithead, and their brother, William Blair, are her surviving heirs.

The property in question, being undisposed of at the death of Mrs. Blair and, therefore, pertaining to the community that had existed between her and her surviving husband, was, following the death of their mother, owned in indivision by the surviving husband and the heirs of the dead wife—one-half interest to him, the other half interest to them, subject to payment of community debts.

James Blair qualified as natural tutor of his children and took proceedings to sell property to pay debts. A family meeting was convoked on behalf of the minors and this meeting recommended that the property

now in question, belonging then to James Blair and his wards, be sold at private sale. This was tantamount to advising that the minors' interest in real property be sold at private sale to pay debts.

The tutor applied for homologation of the proceedings so advising, and the same were homologated, and following this he sold the property at private sale.

It was bought by A. L. Reid. The deed recites that Blair acting for himself and as tutor of his children sells to Reid, and that he sells for his children under authorization of a family meeting and judgment of the court homologating the proceedings.

No mention is made of any advertisement of the property, or adjudication of it at public sale prior to the execution of the deed to Reid.

It was simply a case of selling minor's property at private sale, not to effect partition but to pay debts, and the act recites that the purchaser waives all formalities relating to the signing of the order homologating the proceedings of the family meeting.

Reid went into possession, and in 1883 sold to Hortman. A month later Hortman sold to Dwyer, one of the defendants in the instant case. In 1888 Dwyer sold twelve acres of the eighteen acres to Patrick Crowley and A. M. Palmer. The act of sale describes the part purchased. This left Dwyer with six acres of the original eighteen.

In 1891 Crowley (who is one of the defendants herein) purchased the interest of Palmer in the twelve acres, and was in possession as owner when the first suit was brought by plaintiffs in 1896, the result of which was, as heretofore mentioned, the parties who were plaintiffs then and are plaintiffs now were decreed to be owners each of one-eighth of the whole tract of eighteen acres.

The sister of plaintiffs, Mrs. Leithead, and their then minor brother, William Blair, were not parties to that suit, but their right of ownership of one-eighth interest each in the property was equally as strong as that of the recovering plaintiffs.

So that when the latter brought the present action, they made parties defendant their said sister and brother as owning each an eighth interest, and made Dwyer and Crowley defendants as owning the other four eighths interest.

The petition charges that Dwyer, from the time of his acquisition of the property in 1883, was a possessor in bad faith, and, as such, accountable for rents and revenues from the date of his purchase.

The part of the property Crowley purchased as above has no improvements on it and there is no demand for rents and revenues from him. Crowley by answer filed here to the appeal asks affirmance of the judgment appealed from. Mrs. Leithead asks like affirmance. William Blair files answer to the appeal renouncing in favor of Dwyer and Crowley all his right, title and interest in the land.

Dwyer filed in the court below an exception of misjoinder. It was overruled. He insists on it here.

His contention is that the tract of land which the original Blairs sold to Reid, the latter to Hortman and Hortman to him, contained eighteen acres, of which he sold twelve acres to Crowley, leaving six acres still held by him, and that inasmuch as there is no privity of interest between himself and Crowley there is a misjoinder.

Thus, he argues:—

"Dwyer has no interest in the twelve acres.

"Crowley has no interest in the six acres.

"The Crowley twelve acre tract is not improved.

"The Dwyer six acre tract is improved."

But there is this much privity of interest between them, viz:—Dwyer is warrantor of the Crowley title and Crowley called him in warranty and recovered judgment against him as such. Besides which, the judgment appealed from, recognizing some force in the objection that the tracts are distinct, the one improved and the other not improved, and that they should be kept separate in the sale thereof for purposes of partition, ordered the two tracts to be sold separately.

This, we think, removes the objection and leaves Dwyer without cause of complaint on that score.

The real question the case presents for determination is whether defendant Dwyer, under the law, was a possessor in bad faith.

As already seen, the interest of the minors was sold by their father and tutor in 1881 *at private sale* to pay debts.

This was in the teeth of Civ. Code, art.

341, which declares that the sale of minor's property shall be made at public auction preceded by advertisement.

It was not in the power of the family meeting, nor of the judge who homologated its proceedings, to order otherwise.

This Court held in Fletcher v. Cavalier, 4 La. 268 and 277, that the sale of minor's property by private contract was prohibited by law, that such a sale was absolutely void, and that the vendee therein was a possessor in bad faith.

Reid who bought from Blair, the father and tutor, on June 15, 1881, is charged with knowledge of the vice of his title to that half of the property owned by the minors. The act of sale to him shows that the tutor was making a private sale of minor's property. He was, unquestionably, in law, in bad faith.

But we do not think Hortman, who bought from Reid in May, 1883, is to be charged with knowledge of the inherent defect of Reid's title. He was not, therefore, a possessor in bad faith.

And the same is true of Dwyer, who bought from Hortman in June 1883, and Crowley and Palmer, who bought from Dwyer in February 1888. Dwyer testifies he knew nothing of any defect in the title he was purchasing.

There is nothing to show that these parties did not have just reason to believe themselves the masters of the property they thus bought and possessed. They come, we think, within the definition of possessors in good faith laid down in Civ. Code, arts. 503 and 3451.

A purchaser may well be in good faith though his vendor was in bad faith. Heirs of Self v. Taylor, 33 La. Ann. 769.

So, too, it has been held that a vendee's good faith is not impugned because of the fact or the probability that a careful examination of the conveyance records would have disclosed the nullity of the vendor's title. Giddens v. Mobley, 37 La. Ann. 417; Pattison v. Maloney, 38 La. Ann. 885; Montgomery v. Whitfield, 41 La. Ann. 654, 6 South. 224.

That part of the decree of the trial court holding Dwyer a possessor in bad faith and visiting upon him the consequences the law attaches to the holding of property in bad faith, is erroneous.

Not being a possessor in bad faith, he owes rents and revenues only from the time the property was judicially demanded of him (Civ. Code, art. 3453), which was, so far as plaintiffs herein are concerned, by the petitory action brought by them on May 29, 1896, being No. 2,698 on the docket of the District Court in and for the Parish of Calcasieu, and so far as Mrs. Elizabeth M. Leithead is concerned from the date she filed her answer in the instant case (September 22, 1899) asserting her ownership of an undivided one-eighth interest in the property.

For the reasons assigned it is ordered and decreed that so much of the judgment appealed from as holds defendant Dwyer to be a possessor in bad faith and as such responsible for rents and revenues of the property involved herein from the time of his acquisition and possession thereof, be avoided and reversed.

It is further ordered, &c., that in all other respects the judgment appealed from be affirmed.

It is further ordered, &c., that this cause be remanded to the court a qua for ascertainment and adjustment of the amount due by said Dwyer for rents and revenues on the basis of his being a possessor in good faith, and according to the views herein expressed —plaintiffs to pay costs of appeal.