of property less in value than $5 under section 5 of Act No. 107, p. 162, of 1902.

2. As relates to the theft of property worth less than $5, treated by the statutes as a misdemeanor, the act in question is not unconstitutional.

3. The motion of the Attorney General to set aside the sentence is granted, and the case is remanded, in order that the district court may impose sentence under the said section.

(Syllabus by the Court.)

Appeal from Twelfth Judicial District Court, Parish of Vernon; John Bachman Lee, Judge.

George Williams was convicted of larceny, and appeals. Sentence annulled and case remanded.

William Crosby Pegués, for appellant. Walter Guion, Atty. Gen., and James Wilson Parsons, Dist. Atty., for the State.

BREAUX, C. J. The defendant was indicted for stealing and taking and carrying away seven chickens, of the value of $2. The case was tried before a jury of five. They found the accused guilty as charged.

The trial judge sentenced him to the penitentiary for a period of two years. From the verdict and sentence the defendant prosecutes this appeal.

On appeal the Attorney General, averring that no sentence of imprisonment in the penitentiary can be imposed in a case of petit larceny of property of a less value than $5, under section 5 of Act No. 107, p. 162, of 1902, moved the court to set aside the sentence, and asked that the district judge be directed to sentence the defendant, George Williams, according to law; that is, to a term of imprisonment in the jail of the parish, not exceeding 60 days, and not less than 10 days, under section 5 of Act No. 107, p. 162, of 1902. We will say, in general terms, that, for all useful purposes, it may be held that all crimes are felonies and misdemeanors. The former include more serious offenses, and consequently more severe punishment. Misde-meanor includes an offense less serious, and usually punished by fine or imprisonment or both.

Mr. McClain, in his work on Criminal Law, § 18, says that "in most of the states the statutes expressly provide a definition for the term 'felony,' and make it to mean an offense punishable with death or confinement in the penitentiary."

This reference has no direct bearing. It only shows that common consent in many of the states have treated the word "felony" as referring to a crime punishable by hard labor in the penitentiary.

Here, from any point of view, the offense does not fall within the category of crimes which cannot be graded as misdemeanors. The punishment is limited to imprisonment, as before mentioned.

Act No. 107, p. 161, of 1902, is constitutional to the extent that there can be no question that the offense must be considered in its nature a misdemeanor. It cannot be considered anything else in this case. State of Louisiana v. Eubanks, 114 La. 428, 38 South. 407.

The motion is granted.

It is ordered, adjudged, and decreed that the sentence imposed is annulled and avoided. This case is remanded, with direction that the defendant be sentenced in accordance with the views herein expressed, and according to law.

---

(38 South. 687.)

No. 15,508.

PARKER et al. v. RICKS.

(May 22, 1905.)

TRIAL—CASE SUBMITTED—REOPENING—MOTION FOR NEW TRIAL — CONTRADICTORY STATEMENTS—MINOR'S PROPERTY — SALE — PRESCRIPTION.

1. A motion to reopen a cause after a case has been argued, submitted, and taken under advisement must, in the nature of things, be left to the discretion of the court of original

jurisdiction. After a case has been submitted, its decision is the only thing which remains to be done.

2. If this motion on appeal be considered as in substance a motion for a new trial, in order that it may receive consideration it should be made to appear by affidavit of the mover that he had discovered evidence material to the cause since the case was submitted; that he had used every effort and diligence. Essential averments and affidavit are wanting.

3. A new trial will not be granted to prove issues in direct contradiction of the allegation of the plaintiff in motion.

The defendant sets up his title and annexes his deed in which the property is treated as community.

The district court declined to permit defendant to contradict his averments—a discretion with which an appellate court can find no good ground to interfere.

4. The warrantor alleged that he had separate rights which diminished the extent of plaintiff's interest. No attempt was made to substantiate these allegations by proof.

5. The sale pleaded by defendant and warrantor, and the purchase under which the former claimed the right to hold, was not legal. The property could not be sold at private sale in order to obtain the sale's avails for the purpose of paying the schooling of the minors, and to further enable the tutor to carry out speculative views, however good the intention may have been.

6. The plea of prescription did not run against minors. Prescription was suspended during their minority, and therefore their claim is not prescribed.

(Syllabus by the Court.)

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Robert Raymond Reid, Judge.

Action by Mary Parker, wife of David McElveen, and others, against Charles N. Ricks; L. P. Parker, warrantor. Judgment for plaintiffs, and defendant and the warrantor appeal. Affirmed.

Bolivar Edwards Kemp, for appellant Ricks. Prentiss B. Carter, for appellant' Parker. Stephen Dudley Ellis and Benjamin Moore Miller, for appellees.

BREAUX, C. J. Three-fifths of 640 acres of land is the claim made by plaintiffs. The land, a fractional part of which is claimed as just mentioned, was owned by the community which existed between the father of plaintiffs and their mother.

After the community had been dissolved by the death of the mother, her succession was opened, an inventory was taken and recorded, and Leslie P. Parker, plaintiffs' father and the survivor in community, was confirmed as tutor of his minor children. On the petition of the tutor setting forth that his purpose was to sell the land of which he and his minor children were owners, in order, with the proceeds of the sale, to buy other lands, and, in addition, to realize sufficiently in the exchange to send his children to school, a family meeting was held, and the recommendations were approved by a judgment of the district court. We are informed by these proceedings that the family meeting advised the sale of the land because the interests of the minors would be thereby advanced and promoted; that the amount to be realized would be twice the estimated value of the property, and would enable the tutor to better support and educate his children; and for the further reason that they were "well acquainted with the tutor, knew him to be a man of good judgment, prudent management, and that his plan and purposes, as set forth in his petition, will be fully carried out, and will result to the general advantage of the children."

They recommended a private sale for economy's sake, and advised the acceptance of $500 cash and $2,000 on time, with interest. They advised that the proceeds of the sale be applied by the tutor to the "support and education" of the minors, and that sufficient part thereof be invested in the purchase of lands and improvements by the tutor near Sunny Hill Academy, for the joint account of himself and minors, and that the minors' mortgage on the property to be sold be trans-

ferred to the property to be purchased by the tutor near Sunny Hill by giving a special mortgage on said purchase to the amount and proportion of the minors' interest. In the year 1889, the defendant, Ricks, the buyer, and L. P. Parker, the seller, appeared before a notary and consummated the said sale recommended by the family meeting for $2,500, payable $500 cash and balance on time.

Plaintiffs in their pleadings claim part of the land thus sold, and rent for the time it has been in defendant's possession.

The defendant, Ricks, pleads his title, the legality of the proceedings which led up to it, and urges his good faith in the premises and the number of years he has been in possession of the property. He asks to be quieted in his title and possession. He sets up in the alternative that in any event he is entitled to the value of his improvement and the amount of the taxes he has paid on the property. He rests his cause entirely upon his title. He urges no other defenses save that in the alternative, if evicted, he claims for his improvements and taxes he has paid.

He sets up that L. P. Parker is his warrantor, and that he should be cited in warranty to answer plaintiff's demand.

In answer to the call in warranty Leslie Parker pleaded the prescription of 10 years in bar of plaintiff's demand against defendant, Ricks. Warrantor admitted that the property described in plaintiffs' petition was "formerly owned by him and his said wife in community, and that the said plaintiffs, as heirs of their deceased mother, had at one time an interest therein." He further alleges in his answer that the actual value of the land is shown by the inventory of all of the community property made on the 26th of October, 1886, which he annexed to and made part of the answer. Defendant denied that his children had any interest in the property at the date that they brought suit. He avers that the proceedings in question are all in due form. He sought to show that the shares of the children amount to very little. He alleges that after the sale of the property he removed with his family and located near Sunny Hill Academy, where he has since resided; that he owns real estate of value exceeding any claim which plaintiffs can have against him, if they have any claim. He sets up the expenses incurred in rearing and educating his children.

On the trial of the case it was shown that plaintiffs are three of five children of the warrantor, Parker; that he moved on the land he bought, recommended by the family meeting, improved it, and that it is now worth about $3,690.

After the case had been closed and taken under advisement, the defendant, Ricks, moved to reopen the case on the grounds set forth at some length; that the land claimed by plaintiffs had never been owned by the parties from whom they claim to inherit; that part of it was the property of Parker, their father, acquired by inheritance from his father.

The case was submitted to the court for decision in October, and the following January, while the case was still under advisement, the motion before mentioned to reopen the case was made. The application was not sworn to, and does not enter into specifications in regard to the right, nor does it set forth other needful data.

The district court rendered judgment in favor of plaintiffs, from which defendants appeal. In this judgment the court reserved the right of L. P. Parker to set up any claim he may have against plaintiffs in any settlement with them on account of their tutorships.

The above are the facts of the case as concisely stated as possible.

The appellants' and defendants' first

ground of complaint on appeal is that the district court erred in not reopening the case to enable defendants to introduce evidence in support of their contention, as set forth in their motion to reopen the case, that the mother, from whom plaintiffs inherited, did not own as great a part of the land as plaintiffs claimed to have received from her by inheritance.

After a case has been submitted and months have elapsed, a party to the suit has no right to reopen it to introduce new evidence. There remained nothing to do save to decide the case.

The court declined to exercise its discretion and order the cause to be reopened— an exercise of discretion with which we are not, under our view of the rule of practice, authorized to interfere. The decisions of the court have repeatedly held that no new evidence can be heard after the argument has commenced. That was the ruling early in our jurisprudence.

In Kenner v. Young, 7 Mart. (N. S.) 58, the court said, in interpreting the meaning of article 484 of the Articles of the Code of Practice, that the prohibition laid down in that article related to testimony offered after the argument had commenced.

In Psyche v. Paradol et al., 6 La. 378, the court held that, after argument has commenced, no new evidence can be introduced except by consent of parties. The court might allow it in the exercise of a sound discretion.

In Toulman v. Elliott, 15 La. 227, the court's ruling was sustained, which had admitted evidence after the evidence had been closed and the argument had progressed to some extent.

There was a ruling made substantially similar in Buel v. New York Steamer, 17 La. 541. Subsequently, in another decision, the prohibition against reopening the cause and submitting new evidence after argument had commenced was clearly laid down. The remedy provided after the argument has been closed and the cause submitted is the motion for new trial.

This is the ground upon which we rest our ruling on this point.

If, after the case has been taken under advisement, the district judge refuses to reopen the cause, we know of no rule of practice which can justify an appellate tribunal in holding that the refusal was error.

The complaining party was denied no right of which he can complain, for he had ample opportunity to renew his application in a motion for new trial.

But we have gone a step further, and examined the grounds upon which the application was made. Not only the motion to reopen the cause raised new issues, but the issues raised were, in addition, contradictory of those previously presented to the court in the petition of warrantor for the calling of a family meeting, as before mentioned, to sell the property involved.

Moreover, in his answer in the case before us for decision he reiterated that the land was the property of the community. In his motion to reopen the cause and introduce new evidence he attempted to change his former allegations, deliberately made and pressed upon the court's attention, by alleging that the property, or a large part thereof, was not property of the community, but of the respondent personally. Such a change cannot be sanctioned in the manner and at the time proposed by warrantor.

Courts have never permitted the pleader to contradict his own allegations and pleadings only to suit a new state of affairs which has arisen. Certainly no contradiction has been permitted under circumstances such as those shown here.

We pass from a consideration of the motion to reopen the cause to a consideration of the grounds upon which defendant rests his claim. He insists that the provisions of Act 25 of 1878 were completely carried out. We cannot agree with this view as expressed by

defendant through his learned counsel. The provisions of the act were not complied with as required. This act authorizes a partition, and to that end the property may be sold at private sale.

The suit was not brought to effect a partition. This is rendered evident by the fact that the word "partition" was not used. Besides, the allegations show that the purpose was other than a partition, and that, even if that word had been used, it would none the less have remained manifest that something else than partition was intended.

The petition for a family meeting, and the recommendations of this family meeting, regarding the sale of the property in question, set out at some length the advantages of an education, and the necessity of taking from the capital of the minors to defray the expenses.

At this point it is only needful to say that the immovable property of minors must be disposed of at public auction, and that the exception to the rule is limited to the sale for the purpose of effecting a partition.

The property could not be sold as proposed at private sale in order to obtain the sale's avails for the purpose of paying the schooling of the minors. Rev. Civ. Code, art. 341; Blair v. Dwyer, 110 La. 332, 34 South. 464; Fletcher v. Cavalier, 4 La. 268; Aronstein v. Irvine, 49 La. Ann. 1478, 22 South. 405.

The other recommendations of the family meeting were speculative in character. They looked forward to an investment which the tutor intended to make in his own, and in the interest of his minor children.

It is neither good nor advisable nor in contemplation of the law that the tutor and the family meeting called on this petition should look forward to splendid opportunity for re-investing the minor's funds after the sale.

The question was or should have been whether it was to the interest of the minors to sell the property to effect a partition.

The family meeting seems to have overlooked that question entirely, and to have considered the advisability of selling the property for other purposes than that of a mere partition. The sale was a nullity, of which the purchaser should have taken notice. It went to the absolute want of right to thus dispose of the property of minors, and in consequence the sale cannot be maintained as valid.

Defendant and warrantor urge that the informalities are cured by the prescription they have pleaded, and to which we have referred.

Minors have 10 years after their majority within which they are in time to revendicate the property.

Under the rule of law they are in time. The 10 years had not elapsed on the day the suit was brought.

The title claimed by defendant and warrantor does not, in view of the illegal proceedings, recommend itself as a title which should be maintained. The defendant failed in his demand to set aside this title, but was allowed the taxes paid by him on the property from which he has been evicted.

This is the extent of the decision. In all other respects the rights of the parties are rejected as in case on nonsuit.

The plea of prescription pleaded by defendant and warrantor is not sustained by the testimony. The prescription was suspended during the minority of plaintiffs, and, in consequence, plaintiffs' claim is not prescribed.

We think the judgment should be affirmed. It is affirmed.