PROVOSTY, J.
[1] In this case minors’ property was sold at private sale. Needless to say that a sale of minors’ property at private sale, even though authorized by a family meeting, is null, except when the purpose is to effect a partition. Blair v. Dwyer, 110 La. 332, 34 South. 464. Fletcher v. Cavalier, 4 La. 268.
[2] The proceeds of the sale were paid by the tutor to the minors on their attaining their majority, but without further explanation than that it was in settlement of the amount due them from their father’s estate, and without their knowing that it was for the proceeds of the sale of their property; and the contention is that by receiving said paymsnt they ratified the sale. As said in the cafie of Rist v. Hartner, 44 La. Ann. 378, 10 South. 760:
“The ratification of a transaction which is a nullity is a recognitive and confirmative act, and cannot be successfully passed, unless it is shown to have taken place with a full knowledge of the circumstances and formal intention to cure the radical vice contaminating it, and with which it is infected, by an unreserved sanction and approval.”
That acceptance of the proceeds of a sale does not operate a ratification, unless done with full knowledge, see Rocques’ Heirs v. Leveque’s Heirs, 110 La. 307, 34 South, 454; George v. Delaney, 111 La. 761, 35 South. 894.
Judgment affirmed.