His Honor, EMILE GODCHAUX,
rendered the opinion and decree of the 'Court, as follows:
The relief demanded by defendant and appellant is that the cause be remanded for a new trial, and Act 196 of 1912 is invoked which provides' that the absence from Court of an attorney during a session of the Legislature of which he is a member, shall constitute a peremptory cause for a continuance of any case wherein he is employed, as counsel.
Defendant’s counsel was a member of the General Assembly which sat in extra session from May 17, 1915, to June 15, 1915. The case was regularly fixed and in due course came up for trial on May 31,1915, and on that day, no application for a continuance having been made on behalf of defendant, was tried and submitted in the absence of defendant and of its counsel aforesaid, though the latter was in his office in this city on that day and had been notified, to appear in 'Court. Judgment was not rendered until June 14th, 1915, nor signed until June 18th, 1915; and noth withstanding‘that the Legislature had adjourned several days before the signing of the judgment, defendant failed or neglected to apply for a new trial until too late, that is, until after the judgment had been signed and became final.
*110 Opinion and decree, January 3rd, 1916.
Rehearing granted, January 31st, 1916.
Syllabus.
On Rehearng.
Act 196 of 1912, p. 383, providing for the continuance of eases in which attorneys are employed who are members of the 'Legislature confers only a privilege or a right which may be waived by the party in whose favor it is established.
Although the .absence from Court during a legislative session of.an attorney at law who is a member of tile General Assembly constitutes a peremptory cause for a continuance, the failure of a party at interest to timely apply on that ground for a continuance, or thereafter for a new trial, though having ample time to do the latter subsequent to the adjournment of the Legislature, is a waiver of the right.
Woolridge vs. Rickert & Co., 33 An., 234.
State, ex rel., Toreau vs. Judge, 17 An., 252.
Anderson vs. Arnette, 27 A., 237.
Parker vs. Ricks, 114 La., 942.
Defendant further contends that incompetent testimony was introduced, but we find in the record sufficient legal evidence properly admitted to sustain the judgment.
And this latter ground oven coupled with the first, does not appeal to the equitable power of this Court to remand for a new trial, in view of the fact that defendant does not suggest or pretend that it has a just, serious available defense.
It does not appear that there is any error in the judgment and it is accordingly affirmed.
Affirmed.
Parol testimony may be given of the contents of an instrument lost or destroyed.
The loss of an instrument must. have been advertised when plaintiff demands its enforcement, but not when it is offered merely to establish a collateral fact. '