147 So. 496

**FRADELLA et al. v. PUMILIA et al.**

No. 31289.

Jan. 3, 1933.

On Rehearing April 3, 1933.

F. A. Middleton, of New Orleans, for appellants.

C. A. Buchler, of Gretna, for appellees.

OVERTON, Justice.

This is a suit brought by the eight children of Francisco Fradella, deceased, who are now living, to recover (as later modified in an amended petition, and still further modified against plaintiffs' interests, in their brief) a one-sixteenth interest each in certain real property, located in McDonoghville, now a part of the city of Gretna.

Francisco Fradella married Guisseppe di Matteo. Nine children were born of the marriage, one of whom, Antonio, died some time later. Fradella died intestate, in the parish of Jefferson, on March 9, 1908. On February 1, 1909, his widow married Gaspar Pumilia, one of the defendants herein, without convoking a family meeting to cause her to be retained as natural tutrix of her children. An inventory was taken in the succession of Fradella, which showed both movable and immovable property belonging to it; the property having all belonged to the community that existed between the deceased and his widow. The widow and the children of Fradella then were sent into possession of the property by a judgment of the court; the widow for her half and the children for their half. Thereafter Casimir Dauenhauer, on the recommendation of a family meeting, was appointed dative tutor of the minors, and Joseph Fradella, a relative of one of the minors, by the same name, was appointed undertutor to them.

Upon qualifying as dative tutor of the minors, Dauenhauer, as their tutor, petitioned the court to convoke a family meeting, in behalf of his wards, to consider an offer he had received from Marco Rosamano to purchase the real estate, in which the children of Fradella are now claiming a half interest, at private sale, for the price of $2,500 cash. The petition does not recite the purpose to be accomplished in making the sale, but remains absolutely silent as to it. The court ordered the family meeting to be held to deliberate upon the subject-matter of the petition; the order saying nothing as to the purpose of the sale. The family meeting made the following recommendation unanimously:

"That it is to the best interest and to the advantage of said minors that the offer made by Mr. Marco Rosamano, of McDonoghville, Parish of Jefferson, in this state, to purchase at private sale for the price and sum of two thousand five hundred dollars ($2500) in cash current money of the United States of America, the price herein fixed for the purchase of the whole of the property described in the said annexed petition asking for the convening of this family meeting, thus making the interest of the minors in and to said property the sum of twelve hundred and fifty ($1250) dollars."

The tutor presented a copy of the procès verbal of this family meeting to the judge for homologation, alleging that the family meeting recommended that the property be sold at private sale to Rosamano for the sum of $2,500 cash, and prayed for the homologation of the proceedings, and that he, the tutor, be authorized to effect the sale. The court homologated the proceedings of the family meeting in general terms, and then specifically ordered, as follows:

"Let the petitioner, Casimir Dauenhauer, legal tutor of the minors, be authorized to sell the undivided one-half interest in said property which belongs to said minors to Marco Rosamano, of McDonoghville, Louisiana, for the price and sum of twenty-five hundred dollars cash ($2500), for the whole of the property."

Pursuant to this order, Dauenhauer, as tutor of the minors, and Mrs. Fradella, the mother of the minors, and the owner of an undivided half interest in the property by virtue of her community rights, transferred the whole property to Marco Rosamano, for the recited consideration of $2,500 cash. This sale was made on October 27, 1910.

Following the execution of the sale to Rosamano, the tutor of the minors addressed a petition to the court, setting forth the consummation of the sale; that one half of the fund derived from it had been deposited in the registry of the court as the property of the minors; that the succession of Fradella owed no debts, except the mortgage on the property sold; that it is necessary that the indebtedness of the minors, including the costs of the proceedings, be paid out of the funds realized from the sale; that it is also necessary that a monthly allowance be made for the minors out of their part of the fund, and delivered to their mother for their support and education, and alleging that the money, in the registry of the court, should be withdrawn therefrom and placed in his (the tutor's) hands for deposit in the savings department of the Bank of Jefferson, to better enable the payment of the monthly allowance, which may be sanctioned for the care and education of the minors, after having paid out of their part of the fund all of the costs of these proceedings and the amount of costs for which the minors are obligated in the succession of their father. The family meeting recommended that these things be done, and the court homologated their recommendations.

Ten days after the sale to Rosamano, namely, on November 9, 1910, Rosamano transferred the property to Gaspar Pumilia, who, as has been said, is one of the defendants herein, and who, at the time, was the stepfather

of the plaintiffs. This sale was made for the recited consideration of $2,500, on terms of credit.

Nine years later, Pumilia and Mrs. Fradella were divorced. Prior to the granting of the divorce, Pumilia transferred one-half of the property to Joseph Fradella, one of the plaintiffs herein, and the other half to Matthew Fried. Following the granting of the divorce Fried retransferred to Pumilia the one-half of this property, ostensibly sold to him, and Fradella transferred to Mrs. Pumilia the remaining half, which Pumilia had transferred to him. Fradella says that the sale to him was simulated. Fried was not put on the stand. The transfer and retransfers were evidently made for the the purpose of effecting a partition between the spouses.

Plaintiffs rest their case upon the alleged nullity of the proceedings, which resulted in the alienation of their property. Defendants urge that these proceedings were valid, and rely also upon the prescription of ten years by which property is acquired.

As a general rule, subject to one or two exceptions, the property of minors, when sold, must be sold at public auction. Civil Code, art. 341; Crain v. Tremont Lumber Company, 134 La. 276, 63 So. 901. An exception to this general rule is found in Act No. 25 of 1878, page 47, which defendants urge is the law under which the sale was made. The act reads as follows:

"When two or more persons, some or all of whom are minors, hold property in common, and it is the wish of any one of them, or, if a minor represented by his tutor or tutrix, to effect a partition on the advice of a family meeting, duly convened according to law, to represent the minor or minors, said property may be sold at private sale for its appraised value, said appraisement to be made and the terms of said sale to be fixed by the family meeting, and said proceedings to be homologated by the judge of probates of the parish in which the said minor resides."

Nowhere in the proceedings leading to the alienation is the word "partition" used, nor do any expressions there appear which lead the mind unmistakably to the conclusion that the purpose was to effect a partition. The nearest approach to any such expression in the proceedings is to be found in the procès verbal of the family meeting, in the expression, "The price herein fixed for the purchase of the whole of the property described in the said annexed petition * * *, thus making the interest of said minors in and to said property the sum of twelve hundred and fifty ($1,250) dollars." "The price herein fixed," found in the foregoing, may denote the appraisement of the property required by the act, but on the other hand it is just as apt to refer to the price offered by Rosamano, which may be said to have become fixed by its acceptance by the family meeting, appearing in the sentence preceding the quoted expression, as will be seen by referring to the recommendations of the family meeting, which have been set forth herein. Likewise, the expression, "for the purchase of the whole property," may be said to have had reference to the requirement of the act that the whole property must be sold, and not the minors' interest alone, and thereby indicate that the proceeding was to effect

a partition, but, on the other hand, the expression is just as apt to refer to the offer of Rosamano, which was, as appears from the preceding part of the procès verbal, quoted supra, to purchase the whole property. Those expressions do not unmistakably lead to the conclusion that the purpose of the proceedings was to effect a partition; yet that much, at least, should appear from the face of the proceedings.

Were we to go beyond the face of the proceedings and examine what immediately followed, concerning which Rosamano must have had some knowledge because of his mortgage rights, we should see at once that the tutor of the minors, after calling the attention of the judge to the fact that the sale had been completed, petitioned him to order a family meeting for the purpose of considering the payment of a mortgage on the property sold, which it otherwise appears was a mortgage in favor of Rosamano, and to authorize a monthly allowance for the support and education of the minors, all out of the funds derived from the sale, and that the family meeting so recommended, and that the court homologated their recommendations. These proceedings are strongly suggestive of the fact that the true purpose of the sale was to provide funds for the foregoing purposes rather than to effect a partition.

In our view, the proceedings fail to show that the purpose of the sale was to effect a partition. This view is supported by the case of Parker v. Ricks, 114 La. 942, 38 So. 687.

The court is not justified in throwing wide open the doors to the alienation of minors' property, by giving its sanction to proceedings so loosely worded, as to make possible violations of the law. The sale of the property here does not appear to have been made for a purpose for which the law authorizes the private sale of minors' property. It must therefore be annulled. Elliott v. Labarre, 2 La. 326.

The cases of Hand v. Harper, 171 La. 47, 129 So. 664, and Schrock v. Bolding, 171 La. 929, 132 So. 504, are not in conflict with the views here expressed. In each of these cases, while the procès verbal of the family meeting was inartistically or carelessly drawn by the notary, the proceedings as a whole, in each instance, showed unmistakably that the purpose of the sale was to effect a partition. In fact, in the petition and in the order homologating the proceedings in the first case, and, at least, in the petition for the family meeting and in the procès verbal of the meeting, in the second case, it was declared that the purpose of the sale was to effect a partition. These differences show that there is no conflict between those cases and the views expressed in the present one.

■■ We now reach the prescription of ten years which defendants urge as giving them title. While Rosamano is made a defendant, and has been called in warranty by Pumilia, he has filed no plea of prescription; but the remaining two defendants, Pumilia and Mrs. Fradella, now wife of Pumilia, have. The plea is filed under article 3478 of the Civil Code, as amended by Act No. 64 of 1924. One of the essentials of this prescription is good faith. Mrs. Fradella and Pumilia were connected with these proceedings from their inception to their end, and Rosamano was connected with them up to the time of his transfer to Pumilia. These parties were cognizant

of the facts. They were called upon to take notice that the order of the court, based upon proceedings wholly insufficient to authorize the sale of the property at private sale, made the sale thereof null and void. Parker v. Ricks, 114 La. 942, 950, 38 So. 687.

It may be here repeated that no new title was acquired by Mrs. Fradella from Joseph Fradella or by Pumilia from Fried. The transfers by Pumilia to Fradella and Fried and back to Pumilia and to his divorced wife, Mrs. Fradella, were only a means adopted by Pumilia and his divorced wife, in view of the divorce, to make a partition of the property between themselves. Therefore we need not consider whether Pumilia and Mrs. Fradella could have acquired a good faith title from Fradella and Fried.

Returning to notice of the facts, touching the sale to Rosamano, possessed by Pumilia, Mrs. Fradella, and Rosamano, it is of no importance whether or not by reason of an error of law they sincerely felt that the sale to Rosamano, upon which rests their titles, was valid. Knowing the facts at the time they acquired, error of law could not make them bona fide possessors. "The error, under which a possessor may be as to the legality of his title, shall not give him a right to prescribe under it." Civil Code, art. 1846, subd. 3; Southwestern Gas & Electric Co. v. Nowlin, 164 La. 1044, 115 So. 140.

Our conclusion is that the plea of prescription should be overruled.

Plaintiffs have also sued for rents. The evidence is too vague to make it reasonably safe to base a judgment on for this item. It would seem that rents are due, but in what amount by no means clearly appears. Defendants Pumilia and Mrs. Fradella should have rendered the accounting prayed for, so far as possible, which they failed to do. The case will be remanded to the end that the accounting may be rendered and evidence heard pro and contra thereon.

Defendants Pumilia and Mrs. Fradella have reconvened for the value of the improvements on the property. There were improvements on the property, or some of it, when plaintiffs inherited. The buildings on the property at that time were later destroyed by fire, rebuilt, and destroyed again by fire, and again replaced. The insurance money collected was, on each occasion, used in rebuilding, and at least on one occasion some additional money was used. The evidence is not satisfactory as to the value of the buildings, or as to the amount of the additional money put in them; the evidence showing it to be four or five thousand dollars. Far more accurate evidence seems to be obtainable.

These defendants also sue for the taxes paid by them on the property, but failed to offer any evidence of the amounts paid. They have also sued for local assessments paid. The proof would seem to be sufficient to authorize judgment in their favor as to the local assessments, but we shall nevertheless send back this demand together with the remainder of the reconventional demand, to be disposed of finally, at the time the remainder of the reconventional demand and plaintiffs' demand for rents are disposed of, to permit a full opportunity to offset one item against another, which we consider just and equitable in demands of this nature.

The remanding of the case on the item of improvements must not be considered prej-

udicial to any rights plaintiffs may have to order the improvements, placed on the property after its acquisition by them or either of them, removed, defendants being possessors in bad faith. It is not likely, however, that plaintiffs will seek to cause the removal of the improvements, since they have been rebuilt partly with their money.

The demand in warranty against Rosamano will also have to be remanded. The proof of the amount, if any, paid him for the property by Pumilia is too vague and uncertain to warrant any other course.

The trial court rendered judgment sustaining the pleas of prescription of ten years, which were tried with the merits, and dismissed plaintiffs' demands.

For the reasons assigned, the judgment appealed from is set aside, and judgment is now rendered decreeing plaintiffs to be the owners in indivision of a one-sixteenth interest each in and to the land described in article 3 of plaintiffs' petition, standing of record partly in the name of Gaspar Pumilia and partly in the name of Guisseppe di Matteo, widow, by her first marriage, of Francisco Fradella, and, at present, wife of Gaspar Pumilia, and ordering this case remanded on plaintiffs' demand for rent, on defendants' reconventional demand, and on the demands against the warrantor, Marco Rosamano, to be disposed of not inconsistently with the views herein expressed; plaintiffs to pay one half of the costs of this appeal, and defendants to pay the remaining half.

ST. PAUL and ROGERS, JJ., dissent, and ROGERS, J., hands down reasons.

ROGERS, Justice (dissenting).

I feel impelled to dissent from the majority opinion because, in my view, the sale to Marco Rosamano was a valid sale. That sale was not the result of a suit for a judicial partition. No defendant was named, no citation issued, and no judgment was asked against any person condemning the sale of the property.

The proceedings leading up to the sale were clearly instituted under the provisions of section 2667 of the Revised Statutes, as amended and re-enacted by Act No. 25 of 1878, authorizing the private sale of property held by minors in common with other persons. See Becnel v. Louisiana Cypress Lumber Co., 134 La. 467, 64 So. 380.

The purpose of the statute is to dispense with a judicial partition of particular property wherein minors have an interest, as had been required by article 1323 of the Civil Code, and to substitute therefor a private sale on the application of the tutor for the convocation of a family meeting to advise upon the sale. The statute protects the minor co-owners by requiring, in addition to its approval of the sale, that a family meeting composed of the relatives or friends of the minors appraise the property and fix the terms of sale; that the sale be made for not less than the appraised value and on the terms fixed by the family meeting; and that the proceedings be approved by the probate judge. If the major co-owner is willing to sell on the basis thus established, the whole property may be sold at private sale. Becnel v. Louisiana Cypress Lumber Co., supra.

Although the proceedings under review in this case did not specifically set forth that they were instituted to effect a partition, neither did they specifically set forth that they were instituted for the purpose of paying debts.

All the formalities required by Act No. 25 of 1878 were complied with. Preceding the sale a family meeting was held under an order issued by the probate judge, upon the application of the dative tutor of the minors, which appraised the property, recognized the necessity and propriety for the sale, and fixed its terms. The recommendations and findings of the family meeting were concurred in by the undertutor, and the proceedings, with the concurrence of the tutor, were approved by the probate judge, who accordingly ordered the sale.

The whole property was sold to Rosamano at the price and on the terms fixed by the family meeting and approved by the probate judge; and the act of sale was signed by Mrs. Francisco Fradella, the widow, for herself, and by Casimir Dauenhauer, the tutor, for the minors. The minors' share of the proceeds of the sale, after payment of a mortgage held by Rosamano against the property, were deposited first in the registry of the court, and thereafter, under an order of the probate judge, in a savings bank, and were paid out from time to time to the mother of the minors for their maintenance and education.

It must be conceded, I think, that if the phrase "to effect a partition" had been specifically set forth in the proceedings, the sale to Rosamano would not be open to plaintiffs' attack. For my own part, I do not think that the words are so sacred that their omission is sufficient to invalidate the proceedings and annul the sale, when the purpose and effect of the proceedings, as they clearly show, was to bring about a partition by a private sale of the property owned in indivision by the minors and their mother, which partition actually took place.

## On Rehearing.

ROGERS, Justice.

As one of their grounds for a rehearing, the defendants and appellees urged that the majority opinion was erroneous in recognizing plaintiffs as entitled to an undivided one-sixteenth interest each in the property in dispute, in view of the showing in the record that before the property was sold plaintiffs were recognized in the succession of their father as entitled to only an undivided one-eighteenth interest each.

On consideration of the application for a rehearing, the court entered an order granting the rehearing for the purpose only of determining whether plaintiffs are entitled to a one-sixteenth interest each, or less, in the property. In all other respects the application for a rehearing was denied.

When the case was reached on rehearing, it was submitted by counsel for the parties, who filed in the record their written agreement, "that the original judgment herein rendered shall be amended so as to decree that the plaintiffs are entitled to 1/18 interest each in the property in litigation instead of a 1/16 interest each." The decree should be amended in accordance with the agreement.

For the reasons assigned, our former decree is amended so as to decree plaintiffs to be the owners in indivision of a one-eighteenth interest each, instead of a one-sixteenth interest each, in the lots described in article 3 of plaintiffs' petition; and, as thus amended, the said decree is made the final judgment of this court.