TALIAFERRO, Judge.
Plaintiffs, the sole heirs and legal representatives of their mother, Carrie McGee Van Hook, availing themselves of the provisions of Act No. 38 of 1908, in this suit against Woodard-Walker Land & Timber Corporation, pray to be recognized as owners of an undivided one-half interest in and to the West One-Half of Southwest Quarter of Southwest Quarter (W 1/2 of SW 1/4 of SW %) of Section 17; the South One-Half of Southeast Quarter of Southeast Quarter (S % of SE y of SE ¡¡4) of Section-18; and the Northwest Quarter of Northwest Quarter (NW % of NW of Section 20, Township 19 North, Range 1 West, containing eighty (80) acres, in Lincoln Parish, Louisiana.
They allege that the entirety of the land was acquired by their father, T. F. Van Hook, during the marriage between him and their said mother, who departed life intestate on’ November 12, 1918; and, oh her death, they inherited one-half interest therein; that notwithstanding their said ownership their said father, T. F. Van Hook, on May 31, 1919, purported to sell and convey the entirety of said tracts of land unto Younse Brothers, a partnership composed of T. R. Younse and J. R, Younse; that the Trustee in bankruptcy of Younse Erothers, on January 31, 1923, purported to sell the same land unto Crawford, Jenkins & Booth, Ltd., who, in turn, sold same to defendant on August 23, 1942.
*472 Lack of actual cor.poreal possession on the part of either party to this suit is alleged and admitted.
Defendant excepted to the suit on the grounds that the plaintiffs were without a cause or right of action to institute and prosecute same, and, in support of the exceptions it is alleged:
“That prior to the sale of the property involved herein by Thomas F. Van Hook to Younse Brothers as described in paragraph 4 of plaintiffs’ petition, Thomas F. Van Hook had been, by this Honorable Court, qualified and confirmed as natural tutor for the plaintiffs herein, who were then minors; that the sale of said property to Younse Brothers had, prior to said sale, been duly authorized by this Honorable Court, pursuant to the recommendation of a family meeting convoked and held for the purpose of determining whether or not the whole of said property should be sold for the purpose of affecting a partition, which family meeting, held on May 9, 1919, recommended the sale of the whole of said property at private sale for the purpose of' effecting a partition, all of which will more fully appear by reference to the proceedings on file in this Honorable Court styled 'Tutorship of the minor heirs of Mrs. Carrie Van Hook’, bearing No. 780"on the Probate Docket thereof.
“That the sale of said property by Thomas F. Van Hook to Younse Brothers was in accordance with, and pursuant to, the judgment of this Honorable Court rendered in said proceedings on May 12," 1919.
“That said sale and deed, pursuant to recommendation of said family meeting and judgment of this Honorable Court, divested plaintiffs of record title to said property.”
Attached to and made a part of the exceptions are certified copies of all of the tutorship proceedings referred to therein, including the petition for family meeting on behalf of plaintiffs, the procés verbal thereof, and judgment homologating sainé.-The family meeting recommended that the lands, subject of this suit, “be sold at private sale, for not less than $400.00 cash for the whole * * * for the purpose of effecting a partition and to pay debts; that “the tutor make and sign deed or deeds conveying the same on said terms.” The judgment of homologation, in part, reads: “And, the tutor is hereby authorized to make and sign deeds to the land and property, authorized to be sold by the family meeting, to the minors’ interest therein.”
The exceptions were tried and submitted for decision upon the face of the pleadings, with attached documents, plus the deed from T. F. Van Hook unto Younse Brothers. The exception of no right of action was sustained and the suit ordered dismissed.
Plaintiffs appealed from the judgment. The deed by T. F. Van Hook unto. Younse Brothers makes no reference to. the minors, the family meeting proceedings, nor to the judgment homologating the proceedings. It is recited therein that T. F. Van Hook “does by these presents * * * sell * * * and deliver” unto Younse
Brothers the tracts of land involved herein. The deed was not made pursuant to public auction of the property preceded by thirty days’ advertisement.
Introduction of the tutorship proceedings, we are advised in brief of the appellants, was objected to by them on the grounds of their irrelevancy and immateriality. The record does not support this contention, although we doubt not its correctness; in fact, there is no note of evidence in the record. The Court minutes do disclose that the exceptions were “taken up, argued and submitted”, and, later on, they show that both exceptions were sustained and the suit dismissed. There is obvious error in the minutes as regards "the Court’s action on the exception of no cause of action. The judgment refers only to the exception of no right of action, which was sustained. Of course, in such circumstances the recitals of the judgment will prevail.
Counsel of the appellants do not ask that the case be remanded to the end that the minutes be corrected so as to truly reflect the Court happenings in the case. They do. *473 not believe the opposition will challenge the truth of their statements in the respects mentioned. We find this to be correct.
Counsel for appellee plants his case strictly upon the ground that the tutorship proceedings were admissible on trial of the exception of no right of action to prove in what capacity Van Hook was acting when he executed deed of the land to Younse Brothers.
A legal point in the case, not advanced by the appellants, is patent on the face of the record, if it be conceded arguendo, as we do, that the tutorship proceedings were admissible in evidence on trial of the exception of no right of action.
The petition 'by the tutor praying that a family meeting be convened on behalf of the minors, avers that “the community owes debts” and that a family meeting should be convoked to deliberate as to whether it is to the best interest of said minors that their half-interest in the land be sold in order to pay debts, and to effect a partition. The order convening the family meeting, inter alia, says: “said family meeting when duly convened to deliberate and advise and recommend whether the said minors interest in ‘and to the above described land should be sold to pay debts and effect a partition, and at whát price it should be sold, and on what terms, and whether said sale should be at public or private ;***”""
The family meeting recommended that the property be sold “at private sale for not less than Four Hundred Dollars cash, for the whole, Two Hundred Dollars for the minors’ part, for the purpose of effecting a partition and to pay debts.” These proceedings were approved and homologated by the Court, and the tutor was “authorized to make and sign deed to the land and property authorized to be sold by the family meeting,” etc.
At time the above mentioned proceedings were enacted, original Article 341 of the Civil Code was in full force and effect. It reads: “The sale of the property of the minor shall be authorized by the judge, and made at public auction, after having been duly advertised in the manner required for other judicial advertisements, during ten days for movables and thirty days for immovables.”
Property in which minors have interest may be sold at private or public sale to effect a partition, but prior to passage of Act No. 149 of 1924; the interest of a minor or minors in such property, to pay debts, could be sold only at public sale. See Blair v. Dwyer, 110 La. 332, 34 So. 464; Parker v. Ricks, 114 La. 942, 38 So. 687; Gremillion v. Roy, 125 La. 524, 51 So. 576; Crain v. Tremont Lumber Company, 134 La. 276, 63 So. 901.
 The recommendation of the family meeting and the judgment of the Court approving same, were contrary to the quoted article of the Civil Code. In effect, the provisions of this article are prohibitory; that is, they prohibit a sale of a minor’s property to pay debts in any manner other than at public auction. Whatever is done in contravention of a prohibitory law is void. Civil Code, Article No. 12.
It may be argued that since the tutor was authorized to sell the property at private sale to effect a partition, a perfectly legal procedure, that he having done so, the deed by him pursuant to" said authority should be upheld. Such an argument wholly ignores an obvious purpose of the sale, viz.: to pay community debts. We do not believe the recommendation of the family meeting legally separable; Had it been ■recommended that the property be sold to pay debts or to effect a partition, a different situation would be presented. On the contrary, the recommendations were to pay debts and effect a partition.
It áppears'reasonably clear that counsel of each side to the suit has overlooked, at least, to the time the exceptions were tried, the fact that the property was authorized to be sold to pay debts as- well as to effect a partition. ■ The fact that the sale was to pay debts is "not mentioned in brief of either side. In view of this situation, it is obvious that in objecting to the admissibility of the tutorship proceedings on the trial of the exceptions, counsel had in mind their irrelevancy solely on the ground that the *474 documents were not competent to prove that in executing; the deed by Van Hook to Younse Brothers, he was not only acting for himself but as tutor for the minors. Surely, the objection was not directed against the admissibility of the documents because the deed purportedly made pursuant thereto was not preceded by prior advertisement as was then required as a condition precedent to the sale of minors’ property to pay debts; yet, the entire proceedings are before the Court.
It is our view that the pleadings were enlarged and a new issue created by the introduction in evidence without restriction or qualification of the tutorship proceedings; and that thereby, for lack of prior advertisement, the legality of the sale to Younse Brothers was raised as an issue. See Stanley v. Jones, 197 La. 627, 2 So.2d 45; Ducote v. Ducote, 183 La. 886, 165 So. 133; Houston River Canal Company, Ltd., v. Reid, Tax Collector, 127 La. 630, 53 So. 887.
However, it would be improper, in view of all the facts and circumstances of the case, to attempt to finally adjudicate it at the present time. Both sides should be given opportunity to further plead and present arguments pro and con on the question of the sale of property without prior advertisement, as well as on any other question or questions that properly have place ,in the case.
In furtherance of what we believe to be the ends of justice, the case will be remanded to the Lower Court for such proceedings as may be proper, beginning at the time the exception of no right of action was filed.
We are not to be understood as passing on the question upon which the Lower Court based judgment.
For the reasons herein assigned, the judgment from which appealed is set aside and the case is now remanded to the Lower Court for ■ further proceedings. Costs of appeal are assessed equally against the appellee and 'appellant. Liability for all other costs ■. will ' be determined by final judgment in the case.